

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

GREGORY A. FRANKLIN,
CDCR #E-66269,

Plaintiff,

vs.

L.E. SCRIBNER, et al.,

Defendants.

Civil No. 09-1067 MMA (RBB)

**ORDER:**

**(1) DISMISSING DEFENDANTS AND CLAIMS IN THIRD AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b); AND**

**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF THIRD AMENDED COMPLAINT ON REMAINING DEFENDANTS PURSUANT TO FED.R.CIV.P. 4(c)(3) & 28 U.S.C. § 1915(d)**

## I. PROCEDURAL HISTORY

On May 14, 2009, Plaintiff, Gregory Franklin, a state prisoner currently incarcerated at Calipatria State Prison, located in Calipatria, California and proceeding pro se, filed a civil rights action filed pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). The Court granted Plaintiff's Motion to Proceed IFP

and simultaneously sua sponte dismissed his Complaint for failing to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* May 29, 2009 Order at 6-7. Plaintiff was permitted leave to file an Amended Complaint. *Id.* However, Plaintiff instead chose to file a Notice of Appeal.

On August 19, 2009, the United States Court of Appeals for the Ninth Circuit dismissed the appeal for lack of jurisdiction as the order challenged in the appeal was not file or appealable [Doc. No. 9]. On December 8, 2009, Plaintiff filed a "Motion to Reinstate Plaintiff's Complaint" [Doc. No. 14]. The Court granted this Motion and permitted Plaintiff forty five (45) days leave to file a First Amended Complaint and cautioned Plaintiff that he must still correct the deficiencies of pleading identified in the Court's May 29, 2009 Order. *See* Dec. 10, 2009 Order at 2. Plaintiff filed his First Amended Complaint ("FAC") on January 13, 2010 [Doc. No. 17]. The Court, once again, dismissed his FAC for failing to state a claim upon which relief could be granted and permitted Plaintiff leave to file a Second Amended Complaint. *See* Feb. 24, 2010 Order at 5-6. On March 18, 2010, Plaintiff filed his Second Amended Complaint ("SAC"). The Court dismissed Plaintiff's Second Amended Complaint for failing to state a claim and provided Plaintiff with one additional opportunity to file a Third Amended Complaint. Plaintiff filed his Third Amended Complaint ("TAC") on May 17, 2010.

## II. SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) and § 1915A

As the Court informed Plaintiff in its previous Orders, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

While the Court finds that Plaintiff's retaliation claims and Eighth Amendment claims regarding constant illumination survive the sua sponte screening process, the Court must dismiss Plaintiff's Fourteenth Amendment due process claims.

Throughout Plaintiff's Third Amended Complaint, he alleges that his Fourteenth Amendment due process claims were violated during his disciplinary hearings. "The requirements of procedural due process apply only to the deprivation of interests encompassed

by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, facts related to the conditions or consequences of disciplinary hearing which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." *Id.* at 486. For example, in *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.

Therefore, to establish a due process violation, Plaintiff must first show the deprivation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 483-84. Plaintiff has failed to allege any facts from which the Court could find there were atypical and significant hardships imposed upon him as a result of the Defendants' actions.

Plaintiff must allege "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process. *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). He has not; therefore the Court finds that Plaintiff has failed to allege a liberty

interest with regard to his disciplinary hearings, and thus, has failed to state a due process claim. *See May*, 109 F.3d at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486.

Accordingly, Plaintiff's Fourteenth Amendment due process claims are dismissed without leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

In addition, Plaintiff was cautioned in the Court's previous Orders that any Defendants not renamed and all claims not re-alleged in the Third Amended Complaint would be deemed waived. *See* Apr. 7, 2010 Order at 7 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). Plaintiff does not re-name Defendants Bertheau, Raske and Thornton in his Third Amended Complaint and thus, those Defendants are DISMISSED from this action.

Finally, as set forth above, the Court finds that Plaintiff's retaliation and Eighth Amendment claims relating to constant cell illumination are now sufficiently pleaded to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, Plaintiff is entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

## III. CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

(1) Defendants Bertheau, Raske and Thornton are DISMISSED from this action. *See King*, 814 F.2d at 567. The Clerk of Court is directed to terminate those Defendants from the docket.

/ / /

/ / /

/ / /

(2) Plaintiff's Fourteenth Amendment due process claims are **DISMISSED** for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).

**IT IS FURTHER ORDERED that**:

(3) The Clerk shall issue a summons as to Plaintiff's Third Amended Complaint [Doc. No. 23] upon the remaining Defendants and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order, the Court's May 29, 2009 Order granting Plaintiff leave to proceed IFP [Doc. No. 3], and certified copies of his Third Amended Complaint and the summons for purposes of serving each Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall serve a copy of the First Amended Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

(4) Defendants are thereafter **ORDERED** to reply to Plaintiff's Third Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

(5) Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy

of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED**.

DATED: July 13, 2010

Hon. Michael M. Anello
United States District Judge