FILED

AUG 1 3 2010

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. FRANKLIN,<br>CDCR #E-66269,<br><br>                                        Plaintiff,<br><br>                    vs.<br><br>L.E. SCRIBNER, et al.,<br><br>                                        Defendants. | Civil No.      09-1067 MMA (RBB)<br><br>**ORDER DENYING PLAINTIFF'S<br>MOTION FOR TEMPORARY<br>RESTRAINING ORDER**<br><br>**[Doc. No. 29]** |

Plaintiff, Gregory Allen Franklin, a state prisoner proceeding in pro se and *in forma pauperis*, has instituted this civil action pursuant to 42 U.S.C. § 1983. On July 13, 2010, the Court conducted its preliminary review of Plaintiff's Third Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and dismissed *sua sponte* Plaintiff's Fourteenth Amendment due process claims as well as all claims against Defendants Bertheau, Raske and Thornton. *See* July 13, 2010 Order at 3-6. At the same time, the Court found Plaintiff's retaliation and Eighth Amendment claims relating to constant cell illumination were "sufficiently pleaded to survive the sua sponte screening required by 28 U.S.C. § 1915(e)(2) and 1915A(b)," and therefore, directed U.S. Marshal service upon the remaining Defendants named in the Third Amended Complaint on Plaintiff's behalf pursuant to 28 U.S.C. § 1915(d) and

1    FED.R.CIV.P. 4(c)(3).  *Id.* at 5-7. Now pending before the Court is Plaintiff's Motion for a Temporary

2    Restraining Order ("TRO"). (Doc. No. 29.)

3            Rule 65 of the Federal Rules of Civil Procedure provides that:

4            A temporary restraining order may be granted without written or oral notice to the adverse party
             or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by
5            the verified complaint that immediate and irreparable injury, loss, or damage will result to the
             applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the
6            applicant's attorney certifies to the court in writing the efforts, if any, which have been made to
             give the notice and the reasons supporting the claim that notice should not be required.

7

8    Fed. R. Civ. P. 65(b). In order to demonstrate the need for a temporary restraining order or preliminary

9    injunctive relief, a party must show "that he is likely to succeed on the merits, that he is likely to suffer

10   irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and

11   that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 571 F.3d 960, 978 (9th Cir. 2009);

12   *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005).

13           Plaintiff's application fails to address any of the requirements necessary to obtain a TRO. First,

14   Plaintiff has not addressed a likelihood of success on the merits. The Court has already dismissed a

15   number of the claims Plaintiff identifies in his motion for TRO. The only claim that remains is

16   associated with constant cell illumination. Although Plaintiff's claim has withstood *sua sponte*

17   screening, Plaintiff has not demonstrated that he likely to succeed on this claim.

18           Second, Plaintiff has not demonstrated that he will be exposed to irreparable harm. *Caribbean*

19   *Marine Services v. Baldrige,* 844 F.2d 668, 674 (9th Cir. 1988). A Plaintiff need not have suffered an

20   actual injury to meet this requirement. *Diamontiney v. Borg*, 918 F.2d 793, 795 (9th Cir. 1990). While

21   speculative injury does not constitute sufficient irreparable injury, a "strong threat of irreparable injury

22   before trial is an adequate basis." *Id.* Plaintiff's allegations are related to incidents that are alleged to

23   have occurred several years ago. Any harm that Plaintiff references in his motion was discrete and has

24   since concluded. There are no allegations to suggest that these asserted harms are ongoing or may

25   possibly recur. Thus, Plaintiff has not identified an irreparable harm.

26           Finally, Plaintiff's motion does not comply with Rule 65(b)'s important procedural notice

27   requirement. Plaintiff has not demonstrated that his complaint or his motion have been served on any

28   named defendant. Plaintiff has not submitted a sworn affidavit or declaration certifying any efforts he

has made to give notice of his motion or his complaint to any named Defendant. While a Court may issue a TRO without notice in some circumstances, Plaintiff must certify to the Court "the efforts, if any which have been made to give notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b). Plaintiff has not provided the Court with any reason why Defendants have not been notified of his request.

For these reasons, the Court **DENIES** Plaintiff's motion for TRO. (Doc. No. 29.)

**IT IS SO ORDERED**.

DATED: August 13, 2010

Hon. Michael M. Anello
United States District Judge