# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. FRANKLIN,<br>CDCR #E-66269,<br><br>                                  Plaintiff,<br>vs.<br>L.E. SCRIBNER, et al.,<br>                                  Defendants. | Civil No.    09cv1067-MMA (RBB)<br><br>**ORDER PROVIDING PLAINTIFF NOTICE OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO *WYATT v. TERHUNE* AND SETTING BRIEFING SCHEDULE** |

      Plaintiff Gregory A. Franklin is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983.

      Defendants have filed a Motion to Dismiss the Complaint pursuant to FED.R.CIV.P. 12(b). Defendants argue Plaintiff has failed to exhaust administrative remedies prior to suit as required by 42 U.S.C. § 1997e(a).

      "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003) (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) (per curiam)). If the court looks beyond the pleadings when deciding a motion to dismiss for failure to exhaust, "a procedure closely analogous to summary judgment," the Court "must assure that [the plaintiff] has fair notice of his opportunity to develop a record." *Id.* at 1120 n.14; *see also Marella v. Terhune*, 568 F.3d 1024, 1028 (9th Cir. 2009) (remanding case to district court where court failed to

1  "effectively give [plaintiff] fair notice that he should have submitted evidence regarding
2  exhaustion of administrative remedies").

3  Accordingly, Plaintiff is hereby provided with notice that Defendants have asked the
4  Court to dismiss his case because he failed to exhaust administrative remedies pursuant to 42
5  U.S.C. § 1997e(a).  Plaintiff is further advised of his opportunity to include in his Opposition
6  to Defendants' Motion whatever arguments and documentary evidence he may have to show
7  that he did, in fact, exhaust all administrative remedies as were available to him prior to filing
8  suit.  *See Wyatt*, 315 F.3d at 1119-21; *Marella*, 568 F.3d at 1028.

9  **Conclusion and Order**

10  Accordingly, the Court sets the following briefing schedule:

11  1) Plaintiff, if he chooses, may file an Opposition to Defendants' Motion to
12  Dismiss and serve it upon Defendants' counsel of record no later than
13  ***December 20, 2010.***

14  2) Defendants may file a Reply to Plaintiff's Opposition, and serve it upon
15  Plaintiff no later than ***December 27, 2010***.

16  At that time, the Court will consider the matter fully briefed as submitted on the
17  papers and will thereafter issue a written Order.  Unless otherwise ordered, no appearances
18  are required on the date set for hearing and no oral argument will be held.  *See* S.D. Cal.
19  CivLR 7.1.d.1.

20  **IT IS SO ORDERED.**

21  DATED: November 8, 2010

*[signature: Michael M. Anello]*

Hon. Michael M. Anello
United States District Judge