1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  GREGORY A. FRANKLIN,            )  Civil No. 09cv1067 MMA(RBB)
                                    )
12               Plaintiff,         )  ORDER GRANTING IN PART AND
                                    )  DENYING IN PART PLAINTIFF'S
13  v.                              )  MOTIONS TO COMPEL DEFENDANTS
                                    )  TO ANSWER PLAINTIFF'S
14  LARRY SMALLS, R. DAVIS, R.      )  INTERROGATORIES AND REQUESTS
    MADDEN, J. VARGAS, E. HALEY, E. )  FOR ADMISSION [ECF NOS. 102,
15  HOPPER, S.F. ARIAS,             )  130]
                                    )
16               Defendants.        )
    _____)

17

18       Plaintiff Gregory Franklin, a California prisoner proceeding

19  pro se and in forma pauperis, filed an action under 42 U.S.C. §

20  1983 [ECF Nos. 1, 3], which now proceeds against Defendants Arias,

21  Davis, Haley, Hopper, Maciel, Madden, Small, Trujillo, and Vargas

22  for violations of the First, Eighth, and Fourteenth Amendments.[1]

23  (See Fourth Am. Compl. 1-2 ECF No. 79.)  In his Fourth Amended

24  Complaint, Franklin alleges that Defendants retaliated against him

25

26  _____

27       [1]  These Defendants have successfully moved to dismiss several
    causes of action over the course of the litigation [ECF Nos. 74,
28  89].

                                    1

after he sued them in 2007. (Id. at 4-5.)[2] He also complains that his right to be free from cruel and unusual punishment was violated when he was subjected to constant illumination from a "big cell light" located right above his bunk. (Id. at 16.) After Defendants Vargas, Arias, Hopper, Trujillo, Madden, Davis, and Small filed an Answer [ECF No. 90], the Court conducted a case management conference [ECF No. 92], and the parties commenced discovery.

Franklin contends that he served his first set of interrogatories and requests for admission in January 2012. ([Am.] Mot. Compel 2, ECF No. 130.) Defendants responded with objections to each discovery request on March 14, 2012. (Id.) On April 19, 2012, Plaintiff sent two meet-and-confer letters to defense counsel where he requested additional responses to his interrogatories and requests for admission. (Id.; see id. Attach. #1 Ex. C, at 7, 26.) Defendants then served substantive interrogatory responses. (Id. (citing Id. Attach. #1 Ex. D).)

Plaintiff's "Motion to Compel Defendants to Answer Plaintiff['s] Interrogatories and Request[s] for Admissions" was filed nunc pro tunc to May 18, 2012 [ECF No. 102]. There, Franklin urges that the answers provided by Defendants were nonresponsive and evasive. (Mot. Compel 2, ECF No. 102 (citing id. Ex. D).)

Defendants filed their "Opposition to Plaintiff's Motion to Compel Defendants to Answer Plaintiff's Interrogatories and Requests for Admission" on June 18, 2012, along with a Separate

---

[2]   Because the Plaintiff's Fourth Amended Complaint, Motion to Compel, and [Amended] Motion to Compel are not consecutively paginated, the Court will cite to each using the page numbers assigned by the Court's electronic case filing system.

Statement and Declaration of Robert Borg [ECF No. 116].[3]   In addition to raising objections, Defendants Madden, Davis, Hopper, Arias, Vargas, Trujillo, and Small argue that the Motion should be denied because Plaintiff failed to quote each interrogatory in full in his Motion, violating Local Rule 33.1(b)).   (Opp'n 7, ECF No. 116.)

Franklin later submitted another motion to compel which was filed nunc pro tunc to August 13, 2012 [ECF No. 130].   This second Motion to Compel is identical to Plaintiff's first Motion, with the exception of an added two-page memorandum of points and authorities.   (Compare Mot. Compel 1-9, ECF No. 102, with [Am.] Mot. Compel 1-11, ECF No. 130).   The Amended Motion to Compel supersedes the original.   Cf. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (stating that whether party was named in original complaint was irrelevant because amended complaint superseded the original complaint).

On September 4, 2012, Defendants filed a "Response/Opposition to Plaintiff's Additional Papers Presented in Connection with his Motion to Compel Defendants to Answer Interrogatories and Requests for Admission" (hereinafter Defendants' "Response") along with a memorandum of points and authorities [ECF No. 133].   They also filed a "Motion for Summary Judgment or Alternatively Partial Summary Judgment" on June 11, 2012, which is pending before United States District Court Judge Michael M. Anello [ECF No. 105].

---

[3]   Because the exhibits attached to Defendants' Opposition to Plaintiff's Motion to Compel and Response/Opposition to Plaintiff's Additional Papers [ECF Nos. 116, 133] are not consecutively paginated, the Court will cite to each using the page numbers assigned by the Court's electronic case filing system.

To date, Plaintiff has not filed a reply to Defendants' Opposition or Response.  The Court finds both of Plaintiff's Motions to Compel suitable for resolution on the papers, pursuant to Civil Local Rule 7.1.  <u>See</u> S.D. Cal. Civ. R. 7.1(d)(1).  The Court has reviewed Franklin's Motions, Defendants' Opposition, and Defendants' Response.  For the reasons stated below, the Court **GRANTS** in part and **DENIES** in part Plaintiff's "[Amended] Motion to Compel Defendants to Answer Plaintiff['s] Interrogatories and Request[s] for Admissions" [ECF No. 130].

## I.   FACTUAL BACKGROUND

The allegations in the Fourth Amended Complaint surround events that occurred while Franklin was housed at Calipatria State Prison ("Calipatria").  (Fourth Am. Compl. 1, ECF No. 79.)  The Plaintiff contends that after filing a lawsuit against Defendants in 2007, they retaliated against him on several occasions.  (<u>See</u> <u>generally</u> <u>id.</u> at 4-15.)  Specifically, Franklin claims that the acts of retaliation include (1) being punished for covering a light in his cell; (2) Defendant Vargas forging Plaintiff's signature and stealing mailing envelopes that Franklin was entitled to as an indigent inmate; (3) charging him with committing a "serious rule violation" rather than an administrative violation for calling Defendant Arias a "stupid motherfucker"; 4) Defendant Reyes preventing Franklin and other inmates from returning to their cells from the yard, and then punishing only Franklin for failing to return to his cell in a timely manner; (5) denying him recreation time on August 12, 2007; (6) Defendant Maciel stealing a personal package from Plaintiff; and (7) placing him on "C-status" after allegedly committing two serious rule violations, which Franklin

1  believes were unfounded.  (Id. at 6-14.)  Finally, Plaintiff

2  maintains that his right to be free from cruel and unusual

3  punishment was violated when he was subjected to constant

4  illumination from a fluorescent lightbulb located above the bunk in

5  his cell.  (Id. at 16.)

6                    **II.  LEGAL STANDARDS**

7       It is well established that a party may obtain discovery

8  regarding any nonprivileged matter that is relevant to any claim or

9  defense.  Fed. R. Civ. P. 26(b)(1).  Relevant information need not

10  be ultimately admissible at trial so long as the discovery appears

11  to be reasonably calculated to lead to the discovery of admissible

12  evidence.  Id.  Relevance is construed broadly to include any

13  matter that bears on, or reasonably could lead to other matter that

14  could bear on, any issue that may be in the case.  See Oppenheimer

15  Fund, Inc. v. Sanders, 437 U.S. 340, 350-51 (1978) (footnote

16  omitted) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)

17  (discussing relevance to a claim or defense, although decided under

18  1978 version of Rule 26 that authorized discovery relevant to the

19  subject matter of the action).  Rule 37 of the Federal Rules of

20  Civil Procedure enables the propounding party to bring a motion to

21  compel responses to discovery.  Fed. R. Civ. P. 37(a)(3)(B).  The

22  party opposing discovery bears the burden of resisting disclosure.

23  Miller v. Pancucci, 141 F.R.D. 292, 299 (C.D. Cal. 1992).

24       "In general, pro se representation does not excuse a party

25  from complying with a court's orders and with the Federal Rules of

26  Civil Procedure."  Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86

27  F.3d 852, 856-57 (8th Cir. 1996) (citing Jones v. Phipps, 39 F.3d

28  158, 163 (7th Cir. 1994); Anderson v. Home Ins. Co., 724 F.2d 82,

84 (8th Cir. 1983)).  Above all, plaintiffs who choose to represent themselves are expected to follow the rules of the court in which they litigate.  <u>Carter v. Comm'r</u>, 784 F.2d 1006, 1008-09 (9th Cir. 1986); <u>see also</u> <u>Bias v. Moynihan</u>, 508 F.3d 1212, 1223 (9th Cir. 2007) (discussing the pro se litigant's untimely filing in violation of local rules).  "[W]hile <u>pro se</u> litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer."  <u>Jourdan v. Jabe</u>, 951 F.2d 108, 109 (6th Cir. 1991).

## III.  DISCUSSION

### A.  Timeliness

On February 27, 2012, this Court extended the parties' discovery cutoff date from April 16, 2012, to May 14, 2012.  (Order Granting Ex Parte Appl. 2, ECF No. 95.)  Plaintiff's initial Motion to Compel was filed nunc pro tunc to May 18, 2012 -- four days after the new deadline.  (Mot. Compel 1, ECF No. 102.)  The proof of service attached to Franklin's Motion, however, is dated May 14, 2012.  (<u>See</u> <u>id.</u> at 10.)  Under the mailbox rule, a legal document is deemed filed on the date a prisoner delivers it to the prison authorities for mailing to the court.  <u>Houston v. Lack</u>, 487 U.S. 266, 270-72 (1988).  Plaintiff mailed his first motion to compel before the discovery cutoff, so the motion is timely.  <u>See</u> <u>Anaya v. Campbell</u>, No. CIV S-07-0029 GEB BBH P, 2009 WL 2390599, at *1 (E.D. Cal. Aug. 3, 2009) (applying mailbox rule when prisoner mailed motion to compel on discovery cutoff date).

Franklin's second Motion to Compel was filed nunc pro tunc to August 13, 2012. ([Am] Mot. Compel 1, ECF No. 130.) This filing was after the May 14, 2012 deadline. (<u>See</u> Order Granting Ex Parte Appl. 2, ECF No. 95.) In light of Plaintiff's pro se status, and because his second motion to compel is virtually identical to the first, the Court will consider the merits of the amended motion. <u>See</u> <u>McCowan v. Educ. Servs. of Am.</u>, No. 1:08-CV-55, 2009 WL 3055313, at *2 (N.D. Ind. Sept. 21, 2009) (addressing merits of pro se litigant's motion to compel despite its untimeliness; <u>See</u> <u>United States v. Select Aviation Corp.</u>, No. CV 05-1815(JS)(ARL), 2006 WL 2711545, at *1 (E.D. N.Y. Sept. 20, 2006) (same). Moreover, in their Response to Franklin's second motion, Defendants do not argue that the motion should be denied as untimely. (<u>See</u> <u>generally</u> Resp. 2-5, ECF No. 133.)

**B.   Meet-and-Confer Requirement**

As previously noted, after receiving Defendants' initial objections, Plaintiff sent two meet-and-confer letters to Defendants on April 19, 2012. (<u>See</u> [Am.] Mot. Compel Attach. #1 Ex. C, at 6-35, ECF No. 130.) Defendants subsequently served their interrogatory answers on April 23, 2012. (Opp'n 5, ECF No. 116.) Defense counsel responded to Franklin's meet-and-confer letter with a letter of his own. (<u>Id.</u> at 5-6.) Defense counsel made no attempt to meet with Plaintiff in person. (<u>Id.</u>) Franklin filed his motion to compel less than a month later. (Mot. Compel 10, ECF No. 102.)

According to the local rules, "The court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless

counsel shall have previously met and conferred concerning all disputed issues." S.D. Cal. Civ. R. 26.1(a). "If counsel have offices in the same county, they are to meet in person. If counsel have offices in different counties, they are to confer by telephone." (Id.) The local rules further provide that "[u]nder no circumstances may the parties satisfy the meet-and-confer requirement by exchanging written correspondence." (Id.)

Rules requiring meet-and-confer efforts apply to pro se litigants. Madsen v. Risenhoover, No. C 09-5457 SBA (PR), 2012 U.S. Dist. LEXIS 90810, at *8-9 (N.D. Cal. June 28, 2012) (finding that the meet-and-confer requirement applies to incarcerated individuals, but noting that the incarcerated plaintiff may send a letter to defendants); Walker v. Ryan, No. CV-10-1408-PHX-JWS (LOA), 2012 U.S. Dist. LEXIS 63606, at *5-6 (D. Ariz. May 7, 2012) (denying motion to compel where unrepresented party did not include a certification of attempts to meet and confer); see Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir. 1991) (discussing that although courts should liberally construe pro se plaintiffs' pleadings and legal arguments, this liberality does not apply to compliance with straightforward procedural requirements).

A court can deny a motion to compel solely because of a party's failure to meet and confer prior to filing the motion. Scheinuck v. Sepulveda, No. C 09-0727 WHA (PR), 2010 U.S. Dist. LEXIS 136529, at *3-4 (N.D. Cal. Dec. 15, 2010); see Shaw v. Cnty. of San Diego, No. 06-CV-2680-IEG (POR), 2008 U.S. Dist. LEXIS 80508, at *3-4 (S.D. Cal. Oct. 9, 2008) (denying plaintiff's motion to compel for failing to attempt to meet and confer). Nonetheless, courts can still decide a motion on the merits despite a failure to

1    meet and confer.  See Marine Group, LLC v. Marine Trvelift, Inc.,

2    No. 10cv846-BTM (KSC), 2012 U.S. Dist. LEXIS 49064, at *6-7 (S.D.

3    Cal. Apr. 6, 2012) (explaining failure to meet and confer is

4    grounds for denying a motion, but still addressing the merits).

5         Franklin is currently incarcerated in the California State

6    Prison, located in Lancaster, which is in Los Angeles County.  (See

7    [Am.] Mot. Compel 1, ECF No. 130.)  Defense counsel's office is

8    also located in Los Angeles County.  (See Opp'n 1, ECF No. 116.)

9    Accordingly, the parties failed to properly meet and confer in

10   person.  Franklin's incarcerated status limits his ability to meet

11   and confer in person, but not defense counsel's.  Furthermore,

12   defense counsel did not ask to be excused from this obligation.

13   See Kunkel v. Dill, No. 1:09-cv-00686-LJO-SKO PC, 2010 U.S. Dist.

14   LEXIS 121754, at *8 (E.D. Cal. Nov. 2, 2010) (stating that counsel

15   must make themselves reasonably available to the incarcerated party

16   in person, via telephone, or via video conference for a meet and

17   confer); See Beckner v. El Cajon Police Dept., 07cv509-W (BLM),

18   2008 WL 2033708, at *3 n.2 (S.D. Cal. May 9, 2008) ("In light of

19   the circumstances, particularly Plaintiff's incarceration . . . the

20   Court does not find that justice, efficiency, or economy would have

21   been furthered by requiring the parties to meet in person or speak

22   on the phone.")  Franklin attempted to confer with counsel by

23   sending the two meet-and-confer letters.  Defense counsel's failure

24   to follow local rules will not preclude Plaintiff's Amended Motion

25   to Compel.  See Marine Group LLC, 2012 U.S. Dist. LEXIS 49064, at

26   *7.  Moreover, Defendants do not allege that Franklin's Motion

27   should be denied on this basis.  (See Opp'n 2, ECF No. 116.)  Both

28   parties are now on notice, however, that additional discovery

motions will not be entertained absent certification by the moving party of compliance with the meet-and-confer requirement or an order excusing compliance with this local rule.  See S.D. Cal. Civ. R. 26.1(a).

## C.  Interrogatories

Plaintiff asks the Court to grant his Motion to Compel because the "overwhelming majority of [Defendants'] respon[se]s were non-responsive and evasive."  ([Am.] Mot. Compel 2-3, ECF No. 130 (citing id. Ex. D).)  Franklin states that he will "show the Court what answers are satisfactory and non-satisfactory[.]"  (Id. at 2.)  Plaintiff then classifies almost all of Defendants' interrogatory responses into one of four categories:  (1) "Ask and answer"; (2) "Unsatisfactory respond [sic], did not refer to records"; (3) "Ask, unsatisfactory answer"; or (4) "Unsatisfactory respond [sic], did not refer to record for accurate respond [sic]."  (Id. at 3-9.)

Franklin acknowledges that some of Defendants' responses were "satisfactory."  (Id. at 2.)  Three of Plaintiff's four classifications include the word "unsatisfactory."  (See id. at 3-9.)  Although not completely clear, the Court will construe Franklin's reference to "ask and answer" to mean that Plaintiff has deemed the answer sufficient.[4]  The Court will not consider these interrogatories in its ruling on the Amended Motion to Compel.

Defendants generally contend that Franklin's motion to compel should be denied because Defendants' responses were sufficient because they complied with Rule 37 and were answered in full.

---

[4]  This is also consistent with Defendants' interpretation of Plaintiff's moving papers.  (See Opp'n Attach. #3 Separate Statement 2, ECF No. 116.)

(Opp'n 7-8, ECF No. 116.)  They also allege that no records exist to supplement their responses.  (Id. at 8.)  To the extent records do exist, Defendants argue that providing further responses would be burdensome and needlessly increase the cost of litigation because the California Department of Corrections and Rehabilitation ("CDCR") "does not keep records in a manner that allows for such information to be readily accessible."  (Id. at 9.)  Next, Defendants maintain that their responses are sufficient because some of Plaintiff's interrogatories assume facts that are in dispute.  (Id. at 10.)  Finally, they urge that providing further responses would not assist Franklin in proving his claims.  (Id. at 11.)  In their reply memorandum, titled a Response, Defendants reiterate that they have provided "full and complete" responses to Plaintiff's interrogatories, and they argue that Franklin has not shown that further responses are warranted.  (Resp. 2, ECF No. 133.)

### 1.  Compliance with Local Rule 33.1(b)

Although defense counsel failed to meet and confer in person with Plaintiff concerning this discovery dispute, in Defendants' Opposition, they maintain that Franklin's Motion to Compel should be denied because Franklin failed to comply with the local rules. (Opp'n 7, ECF No. 116.)  Specifically, Plaintiff failed to quote each interrogatory in full in his moving papers.  (Id.)

Pursuant to Local Rule 33.1(b), "[O]bjections to answers to interrogatories . . . must identify and quote each interrogatory in full immediately preceding the statement of any answer or objection thereto."  S.D. Cal. Civ. R. 33.1(b).  In the body of his Motion, Franklin does not quote each interrogatory.  (See generally [Am.]

Mot. Compel 1-9, ECF No. 130.)  Yet, he attaches a copy of the interrogatories, Defendants' objections, and Defendants' responses as exhibits to his Motion.  (See id. Exs. A, D.)  In light of Franklin's pro se status, the Court will consider his Motion to Compel despite the failure to comply with local rules.  See Delange v. Dutra Const. Co., 183 F.3d 916, 919 n.2. (9th Cir. 1999) (per curiam) ("District courts 'have broad discretion in interpreting and applying their local rules.'") (quoting Miranda v. S. Pac. Transp., 710 F.2d 516, 521 (9th Cir. 1983)).  Plaintiff is again advised, however, that even as a pro se litigant he still must adhere to the local rules.  See S.D. Cal. Civ. R. 83.11(a).  His continued failure to comply with these rules may be grounds for dismissal or judgment by default.  See id.

### 2.   Objections that Defendants do not pursue

#### a.   Hopper interrogatory 5 and Trujillo interrogatories 8-10

In interrogatory 5, Franklin asks Hopper, "On August 12, 2007, did Officer Haley or Officer Trujillo call you stating Plaintiff is requesting to speak with you in regard to being disallowed the recreation yard and confined to his cell?" ([Am.] Mot. Compel Attach. #1 Ex. D, at 56, ECF No. 130.)  Hopper objected that the question was vague and irrelevant.  (Id. at 57.)

In Trujillo interrogatory 8, Franklin asks, "On August 12, 2007, did Sgt. Hopper tell you not to allow Plaintiff to the recreation yard and confine him to his cell?"  (Id. at 66.)  Plaintiff asks Trujillo in interrogatory 9, "On August 12, 2007, did Plaintiff request to speak to Sgt. Hopper about being disallowed to the recreation yard and being confined to his cell?"

12

(Id.)  Interrogatory 10, addressed to Trujillo, asks, "On August 12, 2007, did you confine Plaintiff to his cell at Sgt. Hopper's request?"  (Id. at 67.)  Trujillo objected that the questions were vague, overbroad, and irrelevant.  (Id. at 66-67.)

Both Defendants provided similar responses and answered either, "I don't recall" or "I don't know."  (Id. at 57, 66-67.) Franklin now moves to compel further responses to these interrogatories on the basis that Defendants did not refer to appropriate prison records in their responses.  ([Am.] Mot. Compel 5-6, ECF No. 130.)

Although Defendants raised multiple objections when initially responding to the interrogatories, the Court will only address the ones they elected to pursue when opposing this Motion.  See Bryant v. Armstrong, 08cv02318 W(RBB), 2012 WL 2190774, at *6 (S.D. Cal. June 14, 2012) (acknowledging only those objections pursued in opposing the motion).  In their Opposition, Defendants do not argue in support of these objections.  (See Opp'n Attach. #3 Separate Statement 23-25, 30, ECF No. 116.)  Rather, they contend that their responses are sufficient because they do not recall whether the events referred to in the interrogatories took place.  (Id.) Further, they urge that a review of Franklin's central file and pertinent records reveals no evidence of the alleged conversations. (Id.)

"A party answering interrogatories has an affirmative duty to furnish any and all information available to the party."  7 James Wm. Moore et al., Moore's Federal Practice § 33.102[1], at 33-72 (3rd ed. 2012) (footnote omitted).  Interrogatories must be answered "separately and fully in writing under oath."  Fed. R.

13

Civ. P. 33(b)(3).  If a responding party is unable to provide the requested information, he may not simply refuse to answer.  <u>Haworth v. Suryakant</u>, No. 1:06-cv-1373-LJO-NEW(TAG), 2007 U.S. Dist. LEXIS 48380, at *5 (E.D. Cal. June 25, 2007) (citing <u>Hansel v. Shell Oil Corp.</u>, 169 F.R.D. 303, 305 (E.D. Pa. 1996)).  The responding party must state under oath that he is unable to answer the interrogatory and must describe the efforts made to obtain the answer.  <u>Id.</u> (citing <u>Hansel</u>, 169 F.R.D. at 305); <u>see also</u> 7 James Wm. Moore et al., <u>Moore's Federal Practice</u> § 33.102[3], at 33-75 (footnote omitted).

Here, although Defendants have verified their responses to Franklin's interrogatories under oath, they did not explain under oath why they are unable to provide the information requested, nor do they describe the efforts made to obtain the information.  Their subsequent explanations were unverified and made by defense counsel in opposition to this Motion to Compel.  This is not in compliance with Rule 33 of the Federal Rules of Civil Procedure.

### i.   Declaration of Robert Borg

Defendant Hopper asserts that his response to interrogatory 5 is sufficient in light of Robert Borg's Declaration, which was filed as an attachment to the Opposition.  (Opp'n Attach. #3 Separate Statement 30, ECF No. 116 (citing <u>id.</u> Attach. #2 Decl. Borg).)  Defendant represents that his response is sufficient because Borg reviewed Franklin's file and submitted a declaration attesting to his findings.  (<u>Id.</u>)

Borg describes himself as an expert hired to provide testimony concerning this lawsuit.  (<u>Id.</u> Attach. #2 Decl. Borg 1.)  He indicates that his "experience and education gives [him] an

understanding and an expertise to render informed opinions in this case . . . ." (_Id._ at 2.) He does not, however, explain his experience or educational background, so there is no reason to conclude that he qualifies as an expert to opine in this case.

In the declaration, Borg discusses the difficulty of obtaining the information Franklin seeks in the prison records system. (_Id._ at 3-5.) He also attests that he has conducted a review of Plaintiff's file and has uncovered no evidence lending support to Franklin's claims against the Defendants. (_Id._ at 2-5.)

Interrogatories must, to the extent they are not objected to, be answered under oath by the party to whom they are directed. Fed. R. Civ. Pro. 33(b)(1), (3).  Further, if a responding party wishes to supplement his responses, he must do so under oath.  _See_ _Knights Armament Co. v. Optical Sys. Tech., Inc._, 254 F.R.D 463, 466-67 (M.D. Fla. 2008), _aff'd_, 254 F.R.D. 470 (M.D. Fla. 2008) (affirming sanction).  Accordingly, to the extent Borg's Declaration is offered to relieve Defendants of the obligation to provide complete answers under oath, it will not suffice.  If Defendants wish to supplement their responses, each must do so under oath.  Plaintiff's Motion to Compel further responses to Hopper interrogatory 5 and Trujillo interrogatories 8-10 [ECF No. 130] is therefore **GRANTED**.

### b.   Hopper interrogatories 3 and 4

Franklin asks Hopper in interrogatory 3, "Did you tell Officer Trujillo and Officer Haley, in A-2 building on August 12, 2007, to not allow Plaintiff to go to the outside recreation yard on A-yard at Calipatria State Prison?"  ([Am.] Mot. Compel Attach. #1 Ex. D, at 55, ECF No. 130.)  Plaintiff inquires in Hopper interrogatory 4,

1   "On August 12, 2007, did you tell Officer Trujillo and Officer

2   Haley to confine Plaintiff to his cell on A-facility at Calipatria

3   State Prison?" (Id. at 56.)  Defendant objected that both

4   questions were vague and irrelevant.  (Id. at 55-56.)

5       Hopper responded to both interrogatories by stating, "I don't

6   recall.  If plaintiff wasn't allowed to go to the outside

7   recreation yard there may have been numerous reasons why he

8   couldn't go and I don't know what the specific reason was, if this

9   event even happened." (Id. at 56.)  Franklin now moves to compel

10  and argues that Hopper did not refer to appropriate prison records

11  in his responses.  ([Am.] Mot. Compel 6, ECF No. 130.)

12      In his Opposition to both interrogatories, Hopper contends

13  that his response is sufficient because he does not remember the

14  alleged conversations occurring, and a review of Plaintiff's

15  central file yielded no evidence that Defendant confined Franklin

16  to his cell or did anything to cause him pain and suffering.

17  (Opp'n Attach. #3 Separate Statement 28-29, ECF No. 116 (citing to

18  id. Decl. Borg Attach. #2).)  Hopper maintains that Franklin's

19  "insistence on a further response borders on harassment." (Id.)

20       As discussed above, in addition to stating that he does not

21  recall the events in question, Hopper must describe under oath why

22  he is unable to provide the information requested and describe the

23  efforts made to obtain the information.  Borg's Declaration does

24  not relieve Hopper of the obligation to provide his answers under

25  oath.  Plaintiff is entitled to supplemental, verified responses,

26  and the Motion to Compel further responses to interrogatories 3 and

27  4 [ECF No. 130] is **GRANTED**.

28

### c.   Trujillo interrogatory 1

In Trujillo interrogatory 1, Plaintiff asks, "How long did you work at Calipatria State Prison? (Please give dates.)" ([Am.] Mot. Compel Attach. #1 Ex. D, at 62, ECF No. 130.)  Defendant objected on privacy and privilege grounds.  (Id.)  He also argued that the question was unrelated to any claim or defense of any party.  (Id.)

Still, Trujillo responded by stating, "About 9 years.  I don't remember exactly."  (Id. at 63.)  Franklin moves to compel on the basis that Trujillo did not refer to appropriate prison records in his response.  ([Am.] Mot. Compel 4, ECF No. 130.)

Defendant states that he did not remember exactly when he began working at Calipatria, yet his answer is sufficient because the nine-year period covers the incidents in question and corresponds to the Plaintiff's stay at Calipatria.  (Opp'n Attach. #3 Separate Statement 17, ECF No. 116.)  In the Opposition, Trujillo further submits that upon further investigation he began working at Calipatria in January or February of 2002.  (Id.)

Here, Franklin asks Trujillo to provide the dates that he was employed at Calipatria State Prison.  Defendant did not provide this supplemental information under oath.  For this reason, Defendant's response is insufficient, and the Motion to Compel a further response to Trujillo's interrogatory 1 [ECF No. 130] is **GRANTED.**

### d.   Madden interrogatory 10

Franklin inquires in Madden interrogatory 10, "Why was Plaintiff found guilty of a serious rule violation for calling an officer a stupid motherfucker?" ([Am.] Mot. Compel Attach. #1 Ex. D, at 79, ECF No. 130.)  Defendant objected that the question was

vague, overbroad, unduly burdensome, calls for a legal conclusion,
and is unrelated to any claim or defense. (*Id.* at 79-80.)

Captain Madden then answered by stating, "I wasn't the senior
hearing officer.  He probably was found guilty because
disrespecting an officer is a serious rule violation." (*Id.* at
80.)  In his Motion to Compel, Plaintiff states "R. Madden,
interrogatory no. 10 unsatisfactory answer, chairperson of the
committee that used the rule violation for C-status, did not refer
to records [sic]." ([Am.] Mot. Compel. 8, ECF No. 130.)  It is
unclear why Franklin feels a further response is required.

Defendant urges that his response is sufficient because
Plaintiff's interrogatory calls for a qualitative answer --
Madden's opinion. (Opp'n Attach. #3 Separate Statement 50, ECF No.
116.)  He contends that the question "affords Captain Madden much
discretion in answering." (*Id.*)

In his answer, Madden does not clarify why he is unable to
report the basis given for finding Franklin guilty of a serious
rule violation, even if he was not the "senior hearing officer."
Further, he does not articulate under oath any efforts made to
obtain the information needed to answer the interrogatory.
Accordingly, the Motion to Compel a further response to Madden
interrogatory 10 [ECF No. 130] is **GRANTED.**

### e.   Vargas interrogatory 16

Franklin asks in Vargas interrogatory 16, "Have you passed out
or distributed inmates' indigent envelopes in the past or present
in A-2 Building at Calipatria State Prison?" ([Am.] Mot. Compel
Attach. #1 Ex. D, at 116, ECF No. 130.)  Defendant objected that
the question was vague, overbroad, and irrelevant. (*Id.*)  He then

responded by stating, "Yes.  Almost once a month."  (Id. at 117.)
Franklin moves to compel on the basis that Vargas did not refer to
appropriate prison records in his response.  ([Am.] Mot. Compel 3,
ECF No. 130.)

    In Opposition, Plaintiff alleges that he answered Plaintiff's
question by admitting that he distributed inmates' indigent
envelopes in the past.  (Opp'n Attach. #3 Separate Statement 14,
ECF No. 116.)  Defendant has sufficiently responded to Franklin's
interrogatory.  Accordingly, the Motion to Compel a further
response to Vargas interrogatory 16 [ECF No. 130] is **DENIED.**

    3.   **Interrogatories where objections were waived**

         a.   **Vargas interrogatory 15**

    Plaintiff inquires in Vargas interrogatory 15, "What officers
were working with you on third watch in A-2 Building at Calipatria
State Prison, on July 18, 2007 and July 25, 2007?" ([Am.] Mot.
Compel Attach. #1 Ex. D, at 116, ECF No. 130.)  Vargas objected
that the question was vague, overbroad, and irrelevant.  (Id.)

    Defendant answered by stating, "I don't know."  (Id.)
Franklin moves to compel because Vargas did not refer to
appropriate prison records in his response.  ([Am.] Mot. Compel 4,
ECF No. 130.)

              i.   **Waived objections**

    In his Opposition, Vargas contends that acquiring prison
records would needlessly add to the cost of litigation.  (Opp'n
Attach. #3 Separate Statement 14, ECF No. 116.)  The Federal Rules
of Civil Procedure provide that any ground for objection to an
interrogatory that is not stated in a timely manner is waived
unless the party's failure to object is excused by the court for

1  good cause shown.  Fed. R. Civ. P. 33(b)(4); see Mancia v.

2  Mayflower Textile Svcs. Co., 253 F.R.D. 354, 359 (D. Md. 2008).

3  Objections generally must be served within 30 days of the service

4  of the interrogatories.  Fed. R. Civ. P. 33(b)(2).  Vargas did not

5  initially object on the ground that procuring the records needed to

6  answer this interrogatory would needlessly increase the cost of

7  litigation.  (Compare [Am.] Mot. Compel Attach. #1 Ex. D, at 116,

8  ECF No. 130, with Opp'n Attach. #3 Separate Statement 14, ECF No.

9  116.)  Furthermore, this objection was made without determining

10  whether any responsive records exist or what efforts would be

11  required to locate them.  (See Opp'n Attach. #3 Separate Statement

12  13-14, ECF No. 116.)  Vargas waived this belated and conclusory

13  objection.

14             **ii.  Sufficiency of Vargas's response**

15       Next, Vargas argues that his response is sufficient because

16  (1) he does not know who was working with him on July 18 and 25,

17  2007; (2) he has no documents in his possession that contain the

18  information; and (3) assuming he could find relevant work schedules

19  reflecting who he was working with on those days, prison staffing

20  changes daily, so there is no guarantee that the work schedules

21  would be accurate.  (Opp'n Attach. #3 Separate Statement 13-14, ECF

22  No. 116 (citing id. Decl. Borg Attach. #2).)  Again, these

23  statements were not made under oath.  Defendant has failed to

24  provide the information requested by Franklin, and he has failed to

25  state under oath why he is unable to provide it.  Borg's statements

26  do not relieve Vargas of the obligation to do so.  The Motion to

27  Compel a further response to Vargas interrogatory 15 [ECF No. 130]

28  is **GRANTED**.

### b.   Davis interrogatory 1

In Davis interrogatory 1, Plaintiff asks, "How long, from the beginning until the end or departure, were you lieutenant on A-facility at Calipatria State Prison?" ([Am.] Mot. Compel Attach. #1 Ex. D, at 92, ECF No. 130.)  Davis objected on privacy and privilege grounds.  (Id.)  He also objected that the information sought by Franklin was unrelated to any claim or defense.  (Id.)  Defendant answered by stating, "I don't know.  I was there for about nine and a half years as a lieutenant and twenty years in total." (Id. at 93.)  Franklin moves to compel on the basis that Davis did not refer to appropriate prison records in his response. ([Am.] Mot. Compel 6, ECF No. 130.)

### i.   Waived objections

Davis now objects that the interrogatory is vague as to time and that his reference to "'from the beginning until the end or departure' provides no additional clarification." (Opp'n Attach. #3 Separate Statement 32-33, ECF No. 116.)  Davis did not initially object on this ground, so the objection was waived.

### ii.  Sufficiency of Davis's response

Defendant maintains that his answer to interrogatory 1 is sufficient because he has stated how long he has worked as a lieutenant on A-Facility, and his answer covers the time period in question.  (Id.)  He asserts that in light of his response, conducting further research would be a waste of time and resources. (Id. at 33.)  Davis has answered the question asked and stated how long he was a lieutenant in Calipatria's A-Facility.  Accordingly, and the Motion to Compel a further response to Davis interrogatory 1 [ECF No. 130] is **DENIED**.

21

### c.   Trujillo interrogatory 12

In Trujillo interrogatory 12, Plaintiff inquires, "As an employee of California Department of Corrections and Rehabilitation, how many times has a civil complaint been brought against you?" ([Am.] Mot. Compel Attach. #1 Ex. D at 68, ECF No. 130.)  Defendant objected on privacy, privilege, and relevance grounds.  (<u>Id.</u> at 68-69.)  He also objected that the interrogatory seeks information unrelated to any claim or defense of any party. (<u>Id.</u> at 69.)  Trujillo responded by stating, "This is the only one I know of."  (<u>Id.</u>)  Franklin moves to compel because Defendant did not refer to appropriate prison records in his response.  ([Am.] Mot. Compel 5, ECF No. 130.)

#### i.   Waived objections

In his Opposition, Trujillo objects that the information sought by Plaintiff is a public record.  (Opp'n Attach. #3 Separate Statement 27, ECF No. 116.)  Defendant, however, did not initially object on this ground.  So, as discussed, the objection was waived.

#### ii.   Sufficiency of Trujillo's response

Trujillo then states that it is not uncommon for correctional officers to be sued by inmates for claims relating to their work, and Defendant does not recall if he was previously sued.  (<u>Id.</u>) Accordingly, he claims that no further response is warranted. (<u>Id.</u>)  In his response, Defendant does not state under oath the steps he took to investigate how many civil complaints have been brought against him.  Trujillo's interrogatory answer differs from the statement in his Opposition.  In light of the discrepancy, the interrogatory answer is not sufficient.  The Motion to Compel a

1   further response to Trujillo interrogatory 12 [ECF No. 130] is

2   therefore **GRANTED.**

3       **4.    Interrogatories objected to on relevance grounds**

4           **a.    Trujillo interrogatory 4**

5       In Trujillo interrogatory 4, Franklin asks Defendant, "Did

6   Plaintiff bring two separate civil complaints against you?"  ([Am.]

7   Mot. Compel Attach. #1 Ex. D, at 64, ECF No. 130.)  Defendant

8   objected that the question was vague, overbroad, and irrelevant.

9   (<u>Id.</u>)  Defendant answered the interrogatory by stating, "I don't

10  know."  (<u>Id.</u>)  Plaintiff moves to compel on the basis that Trujillo

11  did not refer to appropriate prison records in his response.

12  ([Am.] Mot. Compel 5, ECF No. 130.)

13                  **i.    Relevance**

14      In his Opposition, Defendant contends that the interrogatory

15  seeks irrelevant information.  (Opp'n Attach. #3 Separate Statement

16  20, ECF No. 116.)  This interrogatory seeks information that is

17  relevant to Franklin's accusation that Trujillo retaliated against

18  Plaintiff after he brought a lawsuit against Defendant in 2007.

19  The existence of a prior lawsuit against Trujillo is the basis for

20  Plaintiff's current retaliation claim.  The objection is overruled.

21              **ii.  Sufficiency of Trujillo's response**

22      Officer Trujillo submits that Franklin is the best person to

23  determine if he brought two separate suits against Defendant.

24  (<u>Id.</u>)  Trujillo also argues that no further response is required

25  because Defendant answered "as best as he could[.]"  (<u>Id.</u>)  In the

26  context of the claims against him, Trujillo's response is

27  insufficient because he did not state under oath that he is unable

28  to provide the information Plaintiff requests.  Nor does he

1   describe under oath the efforts made to obtain the information.

2   The Motion to Compel a further response to Trujillo interrogatory 4

3   [ECF No. 130] is **GRANTED.**

4           **b.   Trujillo interrogatory 7**

5       Franklin asks, "Did your supervisor, Sgt. Portellio, tell you

6   that Plaintiff has to be allowed to perform his work assignment and

7   you still refused to allow him to perform his work assignment?"

8   ([Am.] Mot. Compel Attach. #1 Ex. D, at 65, ECF No. 130.)

9   Defendant objected that the question was vague, overbroad, and

10  irrelevant.  (Id. at 65-66.)  Trujillo answered by stating, "I

11  don't recall."  (Id. at 66.) Plaintiff moves to compel because

12  Trujillo did not refer to appropriate prison records in his

13  response.  ([Am.] Mot. Compel 5, ECF No. 130.)

14          **i.   Relevance**

15      In his Opposition, Trujillo urges that he is not accused of

16  preventing Plaintiff from performing his work assignment.  (Opp'n

17  Attach. #3 Separate Statement 22, ECF No. 116.)  Rather, he asserts

18  that the only allegation against him is that he prevented Plaintiff

19  from going to the recreation yard on a single day.  (Id.)  The

20  Court construes this as a relevance objection.

21      In his Complaint, Franklin maintains that Trujillo confined

22  Franklin to his cell on August 12, 2007.  (Fourth Am. Compl. 10,

23  ECF No. 79.)  Plaintiff does not allege that Trujillo prevented him

24  from working.  Nevertheless, refusing to permit Franklin to go to

25  the recreation yard or his work assignment is relevant to

26  Plaintiff's retaliation claim.  Defendant also objects that the

27  interrogatory is vague.  (Opp'n Attach. #3 Separate Statement 22,

28  ECF No. 116.)  This objection is overruled, and the Motion to

Compel a further response to Trujillo interrogatory 7 [ECF No. 130]
is **GRANTED**.

### c.   Warden Small interrogatories 4 and 5

In interrogatory 4 to Warden Small, Franklin inquires, "How
many general population maximum security level facilities in the
California Department of Corrections and Rehabilitation [have] you
worked or [were] employed [at that] had a large cell light or
ceiling cell light that did no[t] ever cut-off and produce[d]
constant illumination?" ([Am.] Mot. Compel Attach. #1 Ex. D, at
40, ECF No. 130.)  In interrogatory 5, Franklin asks Defendant to
provide him with the names of the facilities.  (Id. at 41.)

Defendant objected to both interrogatories on privacy,
privilege, and relevance grounds.  (Id. at 40-42.)  He also
objected that the questions were vague, overbroad, unduly
burdensome, and unrelated to any claim or defense.  (Id. at 41-42.)
Small answered interrogatory 4 by stating, "I do not recall."  (Id.
at 41.)  He answered interrogatory 5 by stating, "I don't know."
(Id. at 42.)  Franklin moves to compel because Small did not refer
to appropriate prison records in his response to interrogatory 4.
([Am.] Mot. Compel 9, ECF No. 130.)  He moves to compel a further
response to interrogatory 5 on the basis that Small did not refer
to the appropriate "record or staff."  (Id.)

### i.   Relevance

Small objects to both on relevance grounds because none of
Plaintiff's claims concern constant illumination in other prisons.
(Opp'n Attach. #3 Separate Statement 56, 58, ECF No. 116.)  In his
Complaint, Franklin contends that Defendant issued a memorandum
stating that Calipatria inmates may not cover the lights in their

cells.  (Fourth Am. Compl. 16, ECF No. 79.)  Plaintiff alleges that this violated his Eighth Amendment right to be free from cruel and unusual punishment.  (Id.)  To show cruel and unusual punishment under the Eighth Amendment, the prisoner must allege facts that demonstrate that he was confined under conditions posing a risk of "objectively, sufficiently serious" harm and that prison officials had a "sufficiently culpable state of mind in allowing the deprivation to take place."  Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995) (citation omitted) (internal quotation marks omitted).  Evidence of conditions in other prisons is not reasonably calculated to lead to admissible evidence that Franklin personally suffered a violation of his Eighth Amendment rights. The objection is sustained, and the Motion to Compel further responses to interrogatories 4 and 5 to Defendant Small [ECF No. 130] is **DENIED.**

### d.  Warden Small interrogatory 13

Plaintiff asks Defendant Small, "During your tenure at Calipatria State Prison as acting warden, which inmate remained the longest in A-2-B privileged group in a general population facility without going to Administrative Segregated Housing Unit?" ([Am.] Mot. Compel Attach. #1 Ex. D, at 47, ECF No. 130.)  Defendant objected that interrogatory 13 was vague, overbroad, unduly burdensome, and irrelevant.  (Id. at 47-48.)  He also objected on privacy grounds.  (Id. at 48.)

Small answered by stating, "I don't know." (Id.)  Franklin moves to compel on the basis that Small did not refer to appropriate prison records in this response.  ([Am.] Mot. Compel 9, ECF No. 130.)

### i. Relevance

Defendant continues to object that the information Plaintiff seeks is irrelevant and asserts that it will not assist him in proving his claims. (Opp'n Attach. #3 Separate Statement 62, ECF No. 116.) "If Plaintiff insinuates that he is the individual who would be the answer to the question, comparing his designation in A2B privilege group to other inmates serves no purpose whatsoever." (Id.)

As discussed, Franklin argues in his Fourth Amended Complaint that Small issued a memorandum that prohibited covering the lights located in the individual cells of the prison. (Fourth Am. Compl. 16, ECF No. 79.) Plaintiff contends that this violated his right to be free from cruel and usual punishment. (Id.) It is unclear how identifying which inmate remained in the A-2-B privilege group without going to the administrative segregated housing unit is relevant to his claim. Plaintiff makes no mention of the "A-2-B privileged group" or the "Administrative Segregated Housing Unit" in his claims against this Defendant. The objection is sustained. Moreover, Defendant objects that the interrogatory is also vague, overbroad, and overly burdensome. (Opp'n Attach. #3 Separate Statement, ECF No. 116.) The objections are sustained, and the Motion to Compel a further response to interrogatory 13 [ECF No. 130] is **DENIED.**

### e. Madden interrogatory 5

Franklin asks in Madden interrogatory 5, "How many inmates on A-facility have you put on C-status from January 1, 2007 until October 7, 2007?" ([Am.] Mot. Compel Attach. #1 Ex. D, at 76, ECF No. 130.) Defendant objected that the question was vague,

overbroad, and unduly burdensome.  (<u>Id.</u>)  He also objected on
privacy and relevance grounds.  (<u>Id.</u>)

Captain Madden responded to the interrogatory by stating, "I
do not know.  Being placed on C-Status is a decision made by
committee and it depends on the counselors who bring the inmate to
committee and the behavior of the inmate." (<u>Id.</u>)  Plaintiff moves
to compel because Defendant did not refer to appropriate prison
records in his response.  ([Am.] Mot. Compel 7, ECF No. 130.)

### i.   Relevance

In his Opposition, Madden asserts that requiring him to answer
would be a waste of time and resources because the question seeks
information that has no bearing on Plaintiff's claims against
Madden.  (Opp'n Attach. #3 Separate Statement 46, ECF No. 116.)
The Court construes this as a relevance objection.

In his Complaint, Franklin alleges that Defendant was the
"chairperson of the hearing" committee that placed Plaintiff on "C-
Status" for committing two serious rule violations.  (Fourth Am.
Compl. 13, ECF No. 16.)  This interrogatory seeks information that
is relevant to Franklin's claim that Defendant retaliated against
Plaintiff for filing the 2007 lawsuit against Madden.  A reasonable
interpretation of this interrogatory requires the Defendant to
respond to how many inmates were placed on C-status by the
committee chaired by the Defendant during this period.  The
objection is overruled.

### ii.  Sufficiency of Madden's response

Next, Defendant argues that his response is sufficient because
he does not know the answer to the question, and he has answered to
the best of his ability.  (Opp'n Attach. #3 Separate Statement 46,

ECF No. 116.)  Further, he insists that the phrasing of the question implies that it is within Captain Madden's discretion to place an inmate on C-status, when in fact, it is the Unit Classification Committee's responsibility to do so.  (Id.)

Defendant's assertion that the decision to place an inmate on C-status is made by committee does not justify his failure to investigate or the deficiency of his response.  Accordingly, the Motion to Compel a further response to Madden interrogatory 5 [ECF No. 130] is **GRANTED.**

### f.   Vargas interrogatory 12

In Vargas interrogatory 12, Franklin asks, "When did you receive your first notification or summons you were being sued by Plaintiff for taking his personal property, on April 6, 2006, in A-2 Building at Calipatria State Prison?"  ([Am.] Mot. Compel Attach. #1 Ex. D, at 114, ECF No. 130.)  Vargas objected that the question assumes facts and lacks foundation.  (Id.)  He also objected that it was vague, overbroad, and irrelevant.  (Id. at 114-15.)

Defendant answered the interrogatory by stating, "I can't remember."  (Id. at 115.)  Plaintiff moves to compel on the basis that Vargas did not refer to appropriate prison records in his response.  ([Am.] Mot. Compel 4, ECF No. 130.)

### i.   Relevance

Defendant argues that "[P]laintiff again refers to Officer Vargas' alleged theft of plaintiff's property, but this time uses a different date.  There are no property theft allegations in plaintiff's operative complaint."  (Opp'n Attach. #3 Separate

Statement 11, ECF No. 116.)  The Court construes this as a
relevance objection.

In Franklin's Fourth Amended Complaint, there are no
allegations that Vargas stole any of Plaintiff's personal property
on April 6, 2006.  (See generally Fourth Am. Compl. 4-16, ECF No.
49.)  Yet, Franklin does allege that he brought an initial lawsuit
against Defendant in 2007.  (Id. at 5, 17.)  In that case, he filed
a second amended complaint on June 27, 2008, alleging that
Defendant Vargas took Plaintiff's "legal books, legal papers and
universal adapter" on April 7, 2006.  See Pl.['s] [Second] Am.
Compl. at 14, Franklin v. Scribner, No. 07-cv-438 WVG (RBB) (S.D.
Cal. 2007), ECF No. 82.  Although the dates are off by one day,
this appears to be the same search that Franklin refers to in his
interrogatory to Vargas.  In light of the liberal standards
governing discovery, Franklin's interrogatory seeks information
relevant to Vargas's knowledge of the underlying lawsuit, which is
the basis for Franklin's current retaliation claim.  Accordingly,
the relevance objection is overruled.

### ii.  Sufficiency of Vargas's response

Next, Vargas alleges that his response is sufficient because
he does not recall recieving notice of the lawsuit, and there are
no documents in Plaintiff's central file indicating that Defendant
took any of Franklin's belongings and was subsequently sued for
doing so.  (Opp'n Attach. #3 Separate Statement 11, ECF No. 116.)
Defendant's response of "I can't remember" is insufficient.
Accordingly, Plaintiff's Motion to Compel a further response to
Vargas interrogatory 12 [ECF No. 130] is **GRANTED.**

**5.   Interrogatories objected to on vagueness grounds**

**a.   Vargas interrogatory 13**

In interrogatory 13, Plaintiff inquires, "Who passed out inmates' indigent envelopes, on July 18, 2007 and July 25, 2007, in A-2 Building at Calipatria State Prison?" ([Am.] Mot. Compel Attach. #1 Ex. D, at 115, ECF No. 130.)  Defendant objected that the question is vague, overbroad, and irrelevant.  (<u>Id.</u>)  He answered by stating, "Officers normally do it.  I don't remember." (<u>Id.</u>)  Franklin moves to compel on the basis that Defendant did not refer to appropriate prison records in his response.  ([Am.] Mot. Compel 4, ECF No. 130.)

**i.   Vagueness**

Vargas argues in his Opposition that Plaintiff's question is "vague as to what further information he desires."  (Opp'n Attach. #3 Separate Statement 12, ECF No. 116.)  Franklin's question is clear and precise, asking which Calipatria employee distributed inmates' indigent envelopes on two particular days, in a particular building at Calipatria.  The interrogatory is not vague, and the objection is overruled.

**ii.   Sufficiency of Vargas's response**

Next, Defendant contends that his response is sufficient because he does not recall who distributed the envelopes.  (<u>Id.</u>) Vargas's failure to recall is an incomplete response; his answer does not describe what efforts he made to obtain the requested information.  The Motion to Compel a further response to Vargas interrogatory 13 [ECF No. 130] is **GRANTED**.

1

### b.   Trujillo interrogatories 3 and 5

2   Franklin asks in Trujillo interrogatory 3, "When did you first
3   receive notification that Plaintiff brought a civil complaint
4   against you?"  ([Am.] Mot. Compel Attach. #1 Ex. D, at 63, ECF No.
5   130.)  Plaintiff asks Defendant in interrogatory 5, "Why didn't you
6   allow Plaintiff to perform his work assignment during his work
7   hours?"  (Id. at 64.)  Defendant objected that both questions were
8   vague, overbroad, and irrelevant.  (Id. at 63-65.)

9   Trujillo responded to interrogatory 3 by stating, "I don't
10  know."  (Id. at 64.)  He answered interrogatory 5 by stating, "I
11  don't recall the incident."  (Id. at 65.)  Franklin moves to compel
12  because Trujillo did not refer to appropriate prison records in his
13  response.  ([Am.] Mot. Compel 4-5, ECF No. 130.)

14

### i.   Vagueness

15  In his Opposition, Defendant objects that interrogatories 3
16  and 5 are vague.  (Opp'n Attach. #3 Separate Statement 19-21, ECF
17  No. 116.)  Defendant asserts that interrogatory 3 is vague because
18  Plaintiff does not indicate which lawsuit he is referring to, nor
19  does he reference the subject matter of the lawsuit.  (Id. at 19.)
20  In his Complaint, Franklin submits that he sued Defendant Trujillo
21  once before, in 2007.  (Fourth Am. Compl. 10, ECF No. 79.)  The
22  interrogatory is not so vague that it cannot be answered.  This
23  objection is overruled.

24  According to Defendant, interrogatory 5 is vague because
25  Plaintiff fails to specify a time and place when Trujillo allegedly
26  did not allow Plaintiff to perform his work assignment.  (Opp'n
27  Attach. #3 Separate Statement 20-21, ECF No. 116.)  Interrogatory 5
28  is vague because Franklin does not reference a specific time

period.  Moreover, in his Fourth Amended Complaint, Plaintiff does not allege that Trujillo prevented Franklin from performing his work assignment.  (See Fourth Am. Compl. 10, ECF No. 79.)  Nor does Plaintiff show the relevance of this information.  Thus, the interrogatory is irrelevant in addition to being vague. Accordingly, the Motion to Compel further responses to Vargas interrogatory 3 is **GRANTED** but as to interrogatory 5, the Motion [ECF No. 130] is **DENIED.**

### c.   Vargas interrogatory 4

Plaintiff asks Vargas in interrogatory 4, "On January 31, 2007, in A-2 Building at Calipatria State Prison, did you deny Plaintiff his work privilege phone call?"  ([Am.] Mot. Compel Attach. #1 Ex. D, at 109, ECF No. 130.)  Defendant objected that the question assumes facts and lacks foundation.  (Id.)  He also objected that the question was vague, overbroad, and irrelevant. (Id.)  Vargas answered, "I don't recall."  (Id.)

Franklin moves to compel because Small provided an "unsatisfactory answer."  ([Am.] Mot. Compel 3, ECF No. 130.)  Yet, Plaintiff does not articulate why Defendant's response is deficient.  See Washington v. Thurgood Marshall Acad., 232 F.R.D. 6, 9 (D.D.C. 2005) ("Because plaintiff has completely failed to explain how defendant's answers were evasive, incomplete, or non-responsive, it is impossible for the court to determine what information plaintiff wants compelled."); see also Daiflon, Inc. v. Allied Chem. Corp., 534 F.2d 221, 227 (10th Cir. 1976) (noting that the movant has the burden of proving that the answer in question was incomplete).  Moreover, there are no allegations in Plaintiff's Fourth Amended Complaint regarding an alleged deprivation of phone

privileges.  (See generally Fourth Am. Compl. 4-16, ECF No. 49.)
The interrogatory therefore also seeks irrelevant information.
Accordingly, the Motion to Compel Vargas to further respond to
interrogatory 4 [ECF No. 130] is **DENIED.**

### 6.  Interrogatories objected to on equal access grounds

#### a.  Vargas interrogatory 17

In interrogatory 17, Plaintiff asks Defendant Vargas, "Have
you ever been sued or had a complaint brought against you as an
employee for the California Department of Corrections and
Rehabilitation in a court of law?"  ([Am.] Mot. Compel Attach. #1
Ex. D, at 117, ECF No. 130.)  Defendant objected to the question on
privacy, privilege, and relevance grounds.  (Id.)  Further,
Defendant alleged that the information sought by Plaintiff was
obtainable from public sources.  (Id. at 118.)  Finally, Vargas
objected that the question was vague, overbroad, unduly burdensome,
and seeks information unrelated to any claim or defense of any
party.  (Id. at 117-18.)

Vargas responded, "I believe I have but I can't recall a
specific incident."  (Id. at 118.)  Franklin moves to compel on the
basis that Vargas did not refer to appropriate prison records in
his response.  ([Am.] Mot. Compel 4, ECF No. 130.)

#### i.  Equal access

In his Opposition, Vargas alleges that the information sought
is in the public records.  (Opp'n Attach. #3 Separate Statement 16,
ECF No. 116.)  Accordingly, he submits, no further response is
required.  (Id.)  "A court may refuse to order production of
documents of public record that are equally accessible to all
parties."  7 James Wm. Moore et al., Moore's Federal Practice §

34.12[5][b], at 34-53 (3d ed. 2011) (footnote omitted).  "However, production from the adverse party may be ordered when it would be excessively burdensome . . . for the requesting party to obtain the documents from the public source rather than from the opposing party."  Id. (footnote omitted).

Franklin does not present any argument supporting why he should be provided an additional answer.  Vargas provided a complete answer; supplemental information about lawsuits is not called for by interrogatory 17.  Franklin's Motion to Compel a further response to Vargas interrogatory 17 [ECF No. 130] is **DENIED**.

### b.  Davis interrogatory 2 and Madden interrogatory 4

In Davis interrogatory 2 and Madden interrogatory 4, Franklin asks the same question, "How many disciplinary actions did Plaintiff receive for violating rules and regulations from 2003 until July 1, 2007?"  ([Am.] Mot. Compel Attach. #1 Ex. D, at 75, 93, ECF No. 130.)  Davis and Madden objected that the question was vague, overbroad, and unduly burdensome.  (Id.)  Davis and Madden also claimed that the information sought is obtainable from another source that is more convenient, less burdensome, and less expensive.  (Id.)  Finally, Defendant Davis objected on privacy and relevance grounds.  (Id. at 93.)

Both Defendants responded by stating, "I do not know.  Based on information and belief, Plaintiff received two actions:  one on 9/6/05 and another on 1/9/06.  Both incidents involved the Plaintiff placing coverings that inhibit vision into the cell." (Id. at 76, 93.)  In his Motion to Compel, Plaintiff argues that Davis and Madden's responses are deficient because Franklin

inquired about rule violations, not "action[s] or counseling"

([Am.] Mot. Compel 6, 7, ECF No. 130.)

### i.   Equal access

In their Opposition, both Defendants maintain that Franklin could have answered this question himself by referring to his central file, which is accessible to him.  (Opp'n Attach. #3 Separate Statement 34, 45, ECF No. 116.)  Franklin does not present any argument supporting why he is unable to obtain these records on his own, nor has he offered a persuasive argument to shift the cost and burden of obtaining the court records to the Defendants.  The objection is sustained, and the Motion to Compel further responses to Davis interrogatory 2 and Madden interrogatory 4 [ECF No. 130] is **DENIED.**

### 7.   Interrogatories where multiple objections are pursued

#### a.   Trujillo interrogatory 2

Plaintiff asks in Trujillo interrogatory 2, "When did you work at Calipatria State Prison, A-2 Building? (Please give dates.)" ([Am.] Mot. Compel Attach. #1 Ex. D, at 63, ECF No. 130.) Defendant objected on privilege and privacy grounds.  (Id.)  He also argued that the information sought is unrelated to any claim or defense.  (Id.)

Trujillo answered by stating, "I don't remember the year.  I worked there about 6 months, but I don't remember when."  (Id.) Franklin moves to compel because Defendant did not refer to appropriate prison records in his response.  ([Am.] Mot. Compel 4, ECF No. 130.)

### i.   Relevance

Trujillo objects that the interrogatory "seeks information that will not assist plaintiff in proving his claims."  (Opp'n Attach. #3 Separate Statement 18, ECF No. 116.)  As it did earlier, the Court construes this as a relevance objection.  Whether Trujillo was working in Calipatria's A-2 building is relevant to the events giving rise to this lawsuit.  The objection is overruled.

### ii.   Waived objections

Defendant also objects that the interrogatory is vague and that requiring Defendant to further respond would "needlessly add to the cost of litigation" because there is no guarantee that if work schedules or similar documents were even located that they would be accurate.  (Id. at 18-19.)  Yet, Trujillo did not object on these grounds initially.  Accordingly, these objections were waived.

### iii. Sufficiency of Trujillo's response

Here, Franklin requests that Defendant provide him with the beginning and end dates that he worked in Calipatria's A-2 building.  Trujillo does not provide dates, nor does he state why he is unable to provide them or what efforts he made to obtain them.  (See id.)  Defendant's answer is therefore insufficient, and the Motion to Compel a further response to Trujillo interrogatory 2 [ECF No. 130] is **GRANTED.**

### b.   Trujillo interrogatory 6

In Trujillo interrogatory 6, Plaintiff inquires, "Why was Plaintiff confined to his cell when he was not allowed to perform his work assignment?" ([Am.] Mot. Compel Attach. #1 Ex. D, at 65,

ECF No. 130.)  Defendant objected that the question was vague, overbroad, and irrelevant.  (_Id._)  Trujillo responded by stating, "If he was told to go back to his cell, he might have refused to go to work or didn't want to do assigned duties.  During work hours you can't go to yard."  (_Id._)  Franklin moves to compel because Trujillo did not refer to appropriate prison records in his response.  ([Am.] Mot. Compel 5, ECF No. 130.)

### i.  Relevance

Defendant objects to the interrogatory because Franklin does not allege that Trujillo prevented Plaintiff from performing his work assignment.  (Opp'n Attach. #3 Separate Statement 21, ECF No. 116.)  The Court construes this as a relevance objection.  In his Complaint, Franklin maintains that Trujillo did not allow Plaintiff to go to the recreation yard and confined him to his cell on August 27, 2007.  (Fourth Am. Compl. 10, ECF No. 79.)  Although interrogatory 6 seeks information about the reasons Trujillo confined Plaintiff to his cell, there are no allegations in Plaintiff's Fourth Amended Complaint that Trujillo prevented Franklin from performing his work assignment.  Accordingly, the relevance objection is sustained.

### ii.  Vagueness

Next, Trujillo argues that the interrogatory is vague because Franklin does not specify a time and place when Defendant allegedly confined Plaintiff to his cell and prevented him from performing his work assignment.  (Opp'n Attach. #3 Separate Statement 21, ECF No. 116.)  The interrogatory is vague as to time, and the objection is sustained.  The Motion to Compel a further response to Trujillo interrogatory 6 [ECF No. 130] is **DENIED**.

1

         **c.**   **Vargas interrogatories 10 and 11 and Trujillo**

2

              **interrogatory 11**

3      In Vargas interrogatory 10, Franklin asks how many inmates

4 filed grievances against Vargas for "theft, loss, destruction, or

5 negligence of inmates' property?" ([Am.] Mot. Compel Attach. #1

6 Ex. D, at 112, ECF No. 130.)  Interrogatories 11 to Vargas and

7 Trujillo are the same, and each asks how many inmate grievances had

8 been brought against the Defendant for "misconduct." (Id. at 67,

9 113.)  Vargas and Trujillo objected to the interrogatories on

10 privacy, privilege, and relevance grounds. (Id. at 67-68, 112-14.)

11 They also objected that the information sought by Plaintiff was

12 unrelated to any claim or defense of any party. (Id. at 67-68,

13 113-14.)

14      Vargas answered interrogatories 10 and 11 stating,

15 respectively, "I've had a grievance filed before, but I don't

16 remember the details.  To my understanding, it was not

17 sustained[,]" and "I do not know." (Id. at 113-14.)  Trujillo

18 answered by stating, "I don't know.  Maybe one, if that.  I don't

19 recall getting any grievances, and if I did, none have been

20 sustained or upheld of which I am aware." (Id. at 68.)  Franklin

21 moves to compel on the basis that Vargas and Trujillo did not refer

22 to appropriate prison records in their responses. ([Am.] Mot.

23 Compel 3-5, ECF No. 130.)

24          **i.**   **Relevance**

25      In the Opposition, Defendants contend that the information

26 sought by Plaintiff is irrelevant because it will not assist him in

27 proving his claims of retaliation and complaint about constant

28 illumination. (Opp'n Attach. #3 Separate Statement 9-10, 26, ECF

No. 116.)  Vargas interrogatories 10 and 11 seek information that
is relevant to the accusation that Vargas stole Franklin's
envelopes and forged his signature.  (<u>See</u> Fourth Am. Compl. 6-7,
ECF No. 79.)  Plaintiff's interrogatories appear to be reasonably
calculated to lead to the discovery of admissible evidence.  Other
incidents may suggest that Vargas has taken personal property from
other inmates, and this may lead to the discovery of admissible
evidence.  This could bear on Franklin's retaliation claim.
Vargas's relevance objection is overruled.

Trujillo interrogatory 11 is relevant for the same reasons,
and the objection is overruled.  Nonetheless, to the extent
Franklin seeks information pertaining to misconduct that is not
alleged in the Complaint, the questions are overbroad.  Therefore,
the Vargas should supplement his response to Vargas interrogatory
11 to include information concerning the number of grievances filed
by other inmates pertaining to theft, forgery, or retaliation.
Trujillo should supplement his response to Trujillo interrogatory
11 to include information concerning the number of grievances filed
by other inmates pertaining to confining inmates to their cells,
prohibiting them from using the recreation yard, and retaliation.

### ii. Privacy

Next, Defendants object that these interrogatories violate
their privacy, as well as the privacy other inmates who may have
filed grievances.  (Opp'n Attach. #3 Separate Statement 9-10, 26
ECF No. 116.)

Some courts consider the right to privacy as a qualified
privilege and analyze it in a similar way as the federal official
information privilege.  <u>See</u> <u>Taylor v.  L.A. Police Dep't</u>, No.

EDCV99-0383-RT (RCX), 1999 WL 33101661, at *6 (C.D. Cal. Nov. 10, 1999); <u>Martinez v. City of Stockton</u>, 132 F.R.D. 677, 681 (E.D. Cal. 1990).  The movant may obtain private information when his need for the information outweighs the nonmovant's privacy rights.  <u>Taylor</u>, 1999 WL 33101661, at *6 .  "[D]istrict courts in the Ninth Circuit have found that the privacy interests police officers have in their personnel files do not outweigh the civil rights plaintiff's need for the documents." <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 617 (N.D. Cal. 1995).  There is an important public interest in uncovering civil rights violations.  <u>Id</u>.

Franklin seeks relevant information regarding the number of other similar grievances against Defendants, and the information is unlikely to be available from a source other than Defendants' personnel files.  <u>See id</u>.  Any invasion of the Defendants' privacy interests will be minimized by a protective order.  <u>Soto</u>, 162 F.R.D. at 617; <u>see also</u> <u>Taylor</u>, 1999 WL 33101661, at *7 .  Further, Franklin has not requested the names of any inmates who filed grievances against Vargas, so their privacy rights would not be implicated.  <u>See</u> <u>Lamon v. Adams</u>, No. 1:09-cv-00205-LJO-SKOPC, 2010 WL 4513405, at *3-4 (E.D. Cal. Nov. 2, 2010) (ordering redaction of the names of the inmates who filed grievances against correctional officer before documents were provided to plaintiff). Consequently, the privacy objection is overruled.

### iii. Waived objections

Vargas states that it would be an undue burden to further respond to interrogatory 11.  (Opp'n Attach. #3 Separate Statement 10, ECF No. 116.)  Additionally, Vargas argues that Plaintiff's interrogatory 11 is vague and overbroad as to the term

"misconduct."  (Id.)  Yet, Defendant did not initially object on these grounds.  Accordingly, these objections were waived.

Trujillo also asserts that requiring him to provide further responses would be an undue burden and would needlessly increase the costs of litigation.  (Id. at 26.)  Again, Defendant did not initially object on these grounds, thus the objections were waived.

### iv.  Sufficiency of Defendants' responses

As discussed above, the responses provided by these Defendants are not sufficient because they do not provide the information requested by Franklin, nor do they state under oath why they are unable to provide it.

Accordingly, Franklin's Motion to Compel further responses to Vargas interrogatories 10 and 11 and Trujillo interrogatory 11 [ECF No. 130] is **GRANTED.**

### d.  Davis interrogatory 5

Plaintiff inquires in Davis interrogatory 5, "How many inmates, from January 2007 until July 2007, on A-facility in the general population have received a rule violation report for having something or a state shirt or property covering their light?" ([Am.] Mot. Compel Attach. #1 Ex. D, at 94, ECF No. 130.)  Davis objected that the question was vague, and on privacy and relevance grounds.  (Id. at 95.)  He answered, "I don't know."  (Id.) Franklin moves to compel on the basis that Davis did not refer to appropriate prison records in his response.  ([Am.] Mot. Compel 6, ECF No. 130.)

### i.  Relevance

Davis argues that Plaintiff's question is outside the scope of discovery because it will not help Franklin prove his claims of

retaliation and constant illumination.  (Opp'n Attach. #3 Separate

Statement 35, ECF No. 116.)  The Court construes this as a

relevance objection.  In his Complaint, Plaintiff submits that

Davis violated Franklin's Due Process rights when Davis found

Plaintiff guilty of a serious rule violation for covering a light

in his cell with a shirt.  (Fourth Am. Compl. 6, ECF No. 79.)

Interrogatory 5 seeks information that is relevant to his claim

that Defendant retaliated against Franklin for filing the 2007

lawsuit against Davis.

### ii.  Vagueness

Defendant also contends that the phrase "something or a state

shirt or property covering their light" is vague.  (Opp'n Attach.

#3 Separate Statement 35, ECF No. 116.)  Franklin's interrogatory

is clear.  He asks how many inmates received a rule violation for

covering the lights in their cells, during a specific period of

time, in a specific building -- be it with a shirt, or any other

item of personal property.  Further, Davis does not articulate why

the quoted phrase is vague.  Accordingly, the objection is

overruled.

### iii. Privacy

Next, Davis complains that Plaintiff's question violates the

privacy of any inmates who may have received a rule violation.

(Id.)  Franklin has not requested the names of any inmates who

filed grievances against Davis, so their privacy rights would not

be implicated.  The privacy objection is overruled.

### iv.  Waived objections

Finally, Davis contends that the question is "overly

burdensome" and overbroad.  (Id. (citing id. Decl. Borg Attach.

1  #2).)  He did not initially object on these grounds, so these

2  objections were waived.

3  **v.  Sufficiency of Davis's response**

4      Davis's response of "I don't know" is insufficient.

5  Accordingly, the Motion to Compel a further response to Davis

6  interrogatory 5 [ECF No. 130] is **GRANTED.**

7  **e.  Davis interrogatories 8 and 9**

8      Franklin asks in interrogatory 8, "How many times were you the

9  hearing officer from 2004 until July 14, 2007, when an inmate

10  received a rule violation for covering the cell ceiling light?"

11  ([Am.] Mot. Compel Attach. #1 Ex. D, at 96, ECF No. 130.)  In

12  interrogatory 9, Plaintiff asks, "How many people did you find

13  guilty of a serious rule violation at Calipatria State Prison for

14  covering a cell ceiling light from 2004 until July 14, 2007?"

15  (Id.)  Davis objected to both on privacy and relevance grounds.

16  (Id. at 96-97.)  Defendant additionally objected that the

17  interrogatories were vague, overbroad, and unduly burdensome.

18  (Id.)

19      Davis answered interrogatory 8 by stating, "I don't know."

20  (Id. at 97.)  He answered interrogatory 9 by stating, "Probably a

21  lot, but I don't recall a specific number."  (Id.)  Franklin moves

22  to compel because Davis did not refer to appropriate prison records

23  in his responses.  ([Am.] Mot. Compel 7, ECF No. 130.)

24  **i.  Relevance**

25      Defendant alleges that procuring the information sought in

26  both interrogatories would not assist Plaintiff in proving his

27  claims.  (Opp'n Attach. #3 Separate Statement 36-37, ECF No. 116.)

28  The Court construes this as a relevance objection.  The information

44

sought by Plaintiff may be relevant to support his claim that he was specifically targeted by Davis when he found Franklin guilty of a serious rule violation for covering a light in his cell. (See Fourth Am. Compl. 6, ECF No. 79.)  The objection is overruled.

### ii.  Burdensomeness

According to Davis, procuring the documents needed to provide an answer to this interrogatory would be "overly burdensome" because records are not maintained in a fashion that allows him to readily obtain the information needed to answer this interrogatory. (Opp'n Attach. #3 Separate Statement 36, ECF No. 116.)  Defendant then explains the "onerous" process involved in procuring this information, which includes reviewing hearing logs, analyzing the present prison location or parole status of over 4,000 inmates, reviewing each inmate's central file, and filtering those results by hearing officer. (Id.)

"Under Rule 26(b)(2), courts must weigh the burden or expense of proposed discovery against its likely benefit, taking into account 'the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'" Green v. Baca, 219 F.R.D. 485, 493 (C.D. Cal. 2003) (quoting Fed. R. Civ. Proc. 26(b)(2)) (citing Graham v. Casey's Gen. Stores, 206 F.R.D. 251, 253 (S.D. Ind. 2002); Smith v. Pfizer, Inc., No. CIV.A. 98-4156-CM, 2000 WL 1679483, at *2 (D. Kan. Oct. 26, 2000); Playboy Enters., Inc. v. Welles, 60 F. Supp. 2d 1050, 1053-54 (S.D. Cal. 1999)).

Here, the information sought by Plaintiff is central to his claim that he was punished for covering the lightbulb located in

his cell, while other inmates were not.   Furthermore, Franklin's

interrogatory is drafted with sufficient precision to obtain

material relevant to this case.   Defendant has alleged that he will

be "overly burdened" by procuring the information for Plaintiff,

but he does not establish that the benefit Franklin derives from

obtaining at least some of the information is outweighed by the

burden imposed on Defendant.   See id.; see also Pham v. Wal-Mart

Stores, Inc., No. 2:11-cv-01148-KJD-GWF, 2011 U.S. Dist. LEXIS

130038, at *14-15 (D. Nev. Nov. 9, 2011) (finding that a document

request requiring "just over 56 hours" to review and locate

responsive information was not an undue burden). Accordingly, this

objection is overruled in part.

### iii. Sufficiency of Davis's response

Davis maintains that his response to interrogatory 8 is

sufficient because he has provided an unequivocal, verified

response stating that he does not know the answer to Plaintiff's

question.   (Opp'n Attach. #3 Separate Statement 36, ECF No. 116.)

Defendant also represents that no further response is needed as to

interrogatory 9 because he answered it to the best of his ability.

(Id. at 37.)   The responses provided by Defendant are insufficient

under the Federal Rules of Civil Procedure.   See Haworth, 2007 U.S.

Dist. LEXIS 48380, at *5.   Accordingly, the Motion to Compel

further responses to Davis interrogatories 8 and 9 [ECF No. 130] is

**GRANTED** in part.   A response should be given to each interrogatory

for the time period from July 14, 2005, through July 14, 2007.

**f.   Davis interrogatories 11-13 and Madden**

**interrogatories 16-17**

Franklin inquires in Davis interrogatory 11, "Have you ever been sued as a staff for misconduct while performing your duty for California Department of Corrections and Rehabilitation?" ([Am.] Mot. Compel Attach. #1 Ex. D, at 98, ECF No. 130.)  Interrogatory 12 to Davis asks, "If you were sued for misconduct, by whom, for what, location, and dates it occurred?"  (Id. at 100.)  Franklin asks in Davis interrogatory 13, "If you were sued for misconduct, what was the final disposition?"  (Id. at 101.)

In Madden interrogatory 16, Plaintiff asks, "If you have ever been sued for misconduct, by whom, for what, where it occurred, and the dates it occurred."  (Id. at 85.)  Franklin then asks Madden in interrogatory 17 what the final dispositions in those cases were. (Id. at 86.)

Defendants objected to all the interrogatories on privacy, privilege, and relevance grounds.  (Id. 85-87, 98-102.)  They also argued that the information sought by Plaintiff was all obtainable from public sources that are more convenient, less burdensome, and less expensive to the Defendants.  (Id. at 86-87, 99-102.)  Finally, they objected that the questions were vague, overbroad, unduly burdensome, and unrelated to any claim or defense of any party.  (Id. at 85-87, 99-103.)

Davis answered interrogatory 11 by stating, "At least one other time, maybe a couple times.  I'm not sure.  I've never had my deposition taken or testified in trial regarding a lawsuit brought by an inmate."  (Id. at 100.)  He answered interrogatory 12 by stating, "I don't recall specific information."  (Id. at 101.)  As

to interrogatory 13, he responded by stating, "I never heard of any disposition relating to this lawsuit." (Id. at 103.)

Defendant Madden responded to interrogatory 16 by stating, "I don't recall why I was sued and I don't remember the dates." (Id. at 86.)  He responded to interrogatory 17 by stating, "I don't know, but I didn't go to court and there were no settlements to my understanding." (Id. at 88.)  Franklin moves to compel on the basis that Davis and Madden did not refer to appropriate prison records in their responses. ([Am.] Mot. Compel 7-8, ECF No. 130.)

### i.   Relevance

Defendants object that these questions are irrelevant and will not assist Franklin in proving his claims. (Opp'n Attach. #3 Separate Statement 39, 41, 43, 53, 55, ECF No. 116.)  All of these interrogatories relate to prior lawsuits brought against Defendants for alleged misconduct they committed as a correctional officer. If Defendants have been sued for similar retaliatory conduct, it may lead to admissible evidence regarding whether these Defendants retaliated against Franklin.  Accordingly, this objection is overruled.

### ii.  Equal access

Next, Defendants complain that the information sought by Plaintiff is a matter of public record. (Id.)  Franklin does not present any argument supporting why he is unable to obtain these records.  In addition, the Plaintiff has not offered a persuasive argument to shift the cost and burden of obtaining the court records to the Defendants.  At the same time, Defendants made no effort to answer these interrogatories.

In <u>Robinson v. Adams</u>, No. 1:08-cv-01380-AWI-SMS PC, 2011 WL 2118753, at *17 (E.D. Cal. May 27, 2011), the Defendants answered a similar interrogatory by providing Plaintiff with a "supplemental response listing cases."  Robinson asked that Defendants identify excessive force cases, but the court concluded that the information could be obtained from public records that were equally available to Plaintiff, and it would not compel a further response.  <u>Id.</u> Davis and Madden should similarly provide a list of cases. Accordingly, the objection is overruled, and Franklin's Motion to Compel further responses to Davis interrogatories 12-13 and Madden interrogatories 16-17 [ECF No. 130] is **GRANTED** in part; the Motion to Compel a further response to interrogatory 11 to Davis is **DENIED**.

### g.   Davis interrogatory 14

Interrogatory 14 asks Davis to "List the dates, months, years you were lieutenant on A-facility at Calipatria State Prison." (<u>Id.</u> at 103.)  Defendant objected on privacy and privilege grounds. (<u>Id.</u>)  He also argued that the question was unrelated to any claim or defense.  (<u>Id.</u>)

Davis answered, "I don't know.  I was there for about nine and a half years as a lieutenant and twenty years in total."  (<u>Id.</u> at 104.)  Franklin moves to compel on the basis that Davis did not refer to appropriate prison records in his response.  ([Am.] Mot. Compel 7, ECF No. 130.)

### i.   Relevance

Defendant asserts that providing any further information would be a waste of time and resources and would not assist Plaintiff in proving his claims.  (Opp'n Attach. #3, Separate Statement 44, ECF

No. 44.)  The Court construes this as a relevance objection.
Whether Davis was working in A-Facility during the events giving
rise to this lawsuit is relevant.  The objection is overruled.

### ii.  Waived objection

Davis also submits that interrogatory 14 is the same as Davis
interrogatory number 1.  (Id.)  He insists that this repetition
borders on harassment.  (Id.)  Yet, Defendant did not initially
object that this interrogatory was repetitive, thereby waiving the
objection.

### iii. Sufficiency of Davis's response

Plaintiff requests Defendant to provide the dates that he was
employed at Calipatria State Prison.  Defendant fails to provide
this information and fails to state under oath why he is unable to
provide it.  Accordingly, Defendant's response is insufficient, and
the Motion to Compel a further response to Davis interrogatory 14
[ECF No. 130] is **GRANTED**.

### h.   Madden interrogatories 6, 8, and 13

Franklin asks in Madden interrogatory 6, "How many inmates,
from January 1, 2007 until October 7, 2007, on A-facility general
population have received two serious rule violation reports or one
serious and two administrative rule violation reports within 180
days?"  ([Am.] Mot. Compel Attach. #1 Ex. D, at 77, ECF No. 130.)
In Madden interrogatory 8, Plaintiff inquires, "How many inmates,
from January 2007 until July 2007, on A-facility in the general
population, have received a rule violation report for having
something or state property covering their lights?"  (Id. at 78.)
Interrogatory 13 asks Madden, "How [m]any people did you find
guilty of a serious rule violation at Calipatria State Prison for

covering a cell ceiling light [from] 2004 until July 2007?" (_Id._
at 82.)  Defendant objected that the interrogatories were vague,
overbroad, and unduly burdensome.  (_Id._ at 77-78, 82.)  He also
objected on privacy and relevance grounds.  (_Id._)

Madden answered all these interrogatories by stating, "I don't
know." (_Id._ at 77, 79, 82.)  Plaintiff moves to compel because
Davis did not refer to appropriate prison records in his responses.
([Am.] Mot. Compel 8, ECF No. 130.)

### i.  Relevance

Defendant asserts that these questions seek irrelevant
information that will not help Plaintiff prove his claim of
retaliation and complaint about constant illumination.  (Opp'n
Attach. #3 Separate Statement 47-49, 51, ECF No. 116.)  In his
Complaint, Franklin insists that Madden upheld Defendant Arias's
charge that Plaintiff committed a serious rule violation by
covering up a light in his cell.  (Fourth Am. Compl. 6, ECF No.
79.)  As discussed above, the information sought by Franklin may be
relevant to prove that Defendant Madden did not apply prison
regulations to all inmates in a uniform manner.  The response may
be relevant to Plaintiff's claims that Defendant retaliated against
Franklin for suing Madden in 2007.  The objection is sustained as
to interrogatory 6 but overruled as to interrogatories 8 and 13.

### ii.  Privacy

Next, Madden urges that Franklin's requests violate the
privacy of other inmates who may have received rule violation
reports.  (Opp'n Attach. #3 Separate Statement 47, 49, 51, ECF No.
116.)  Plaintiff has not requested the names of any inmates who
received violation reports or were found guilty of a violation, so

1  their privacy rights would not be implicated.  Further, the parties

2  may seek a protective order.  The privacy objection is overruled.

3  ### iii. Burdensomeness

4  Defendant contends that procuring responsive documents to

5  these interrogatories would be unduly or "overly" burdensome

6  because records are not maintained in a fashion that allows

7  Defendant to readily obtain the information needed to answer this

8  interrogatory.  (Id. at 48-49, 51.)  In response to interrogatories

9  6 and 13 Madden complains about the process involved in acquiring

10 this information.  (Id. at 48, 51.)  He also cites the Declaration

11 of Robert Borg in support of the objections.  (Id. at 51.)

12 Defendant has alleged that he will be burdened by acquiring

13 the information, but he does not show that the benefit Franklin

14 derives from obtaining at least some of the information is

15 outweighed by that burden.  This objection is overruled in part.

16 ### iv. Vagueness

17 Madden also objects that interrogatories 8 and 13 are vague.

18 (Id. at 49, 51.)  Yet, Defendant does not explain why these

19 questions are vague.  The objection is overruled.

20 ### v.   Overbreadth

21 Next, Madden complains that interrogatories 8 and 13 are

22 overbroad.  (Id.)  "Merely stating that an interrogatory is

23 'overbroad' does not suffice to state a proper objection."  Lynn v.

24 Monarch Recovery Mgmt., Inc., Civil No. WDQ-11-2824, 2012 WL

25 2445046, at *6 (D. Md. June 27, 2012) (quoting Cappetta v. GC

26 Servs. Ltd. P'ship, No. 3:08cv288, 2008 WL 5377934, at *3 (E.D. Va.

27 Dec. 24, 2008)).  "Instead, the 'objecting party must specify which

28 part of a request is overbroad, and why.'"  Id.  Here, Defendant

1  fails to state why the interrogatories are overbroad; accordingly,

2  the objection is overruled.

3              **vi.  Waived objections**

4      Finally, Defendant objects to both interrogatory 8 and 13 on

5  the basis that they are duplicative of interrogatories to Defendant

6  Davis.  (Opp'n Attach. #3 Separate Statement 49, 51 ECF No. 116.)

7  Yet, as discussed above, Defendant did not initially object on this

8  ground, so the objection was waived.

9          **vii. Sufficiency of Madden's responses**

10     Madden answered all interrogatories by stating, "I don't

11  know."  ([Am.] Mot. Compel Attach. #1 Ex. D, at 77, 79, 82, ECF No.

12  130.)  Accordingly, the Motion to Compel further responses to

13  Madden interrogatories 8 and 13 [ECF No. 130] is **GRANTED**, but

14  interrogatory 13 is limited to the period from July 14, 2005,

15  through July 14, 2007; Plaintiff's Motion is **DENIED** as to

16  interrogatory 6.

17          **i.  Warden Small interrogatory 7**

18     Franklin asks Small, "If there was a policy at Calipatria

19  State Prison general population about the cell ceiling light that

20  never cut-off and produce[d] constant illumination, what was the

21  policy?"  (<u>Id.</u> at 43.)  Defendant objected that the question was

22  vague, overbroad, unduly burdensome, and irrelevant.  (<u>Id.</u> at 43-

23  44.)

24     Small responded by stating, "I do not recall a specific policy

25  regarding the lights.  However, Operational Procedure 4006, Inmate

26  Cell Standards, and Department Operations Manual (DOM) Sections

27  54030.17 through 54030.21.7.2, Inmate Property Authorized Personal

28  Property Schedule (APPS) incorporated into California Code of

Regulations (CCR), Title 15 Sections 3190 and 3191, detail the

property authorized and cell standards expected for CDCR."  (Id. at

44.)  Franklin moves to compel on the basis that Small did not

refer to appropriate prison records in his response.  ([Am.] Mot.

Compel 9, ECF No. 130.)

### i.   Waived objection

In his Opposition, Defendant asserts that this interrogatory

is "virtually identical to interrogatory 6[.]"  (Opp'n Attach. #3

Separate Statement 59, ECF No. 116.)  Yet, Small did not initially

object that the interrogatory was repetitive, so this objection was

waived.  (Compare id., with [Am.] Mot. Compel Attach. #1 Ex. D, at

43-44, ECF No. 130.)

### ii.  Other objections

Defendant also notes that requiring further responses would

"needlessly add to the cost of litigation and would not assist

plaintiff in proving his claims."  (Opp'n Attach. #3 Separate

Statement 59, ECF No. 116.)  To the extent these statements

supplement his initial objections, the blanket objections are

unavailing.  See Marti v. Baires, No. 1:08-cv-00653-AWI-SKO PC,

2012 U.S. Dist. LEXIS 77962, at *50 (E.D. Cal. June 5, 2012)

(stating that boilerplate objections are insufficient).  These

objections are overruled.

### iii. Sufficiency of Small's response

If Small is unable to recall a specific policy governing the

cell lights, he must state under oath the efforts he made to

respond to Franklin's interrogatory.  Further, Defendant should

explain how the regulations cited in his answer to interrogatory 7

are responsive and correlate with his answer to interrogatory 6.

54

The Motion to Compel a further response to interrogatory 7 [ECF No. 130] is **GRANTED**.

### j.   Vargas interrogatories 3 and 5-9

In interrogatory 3, Franklin asks, "On April 6, 2007, in A-2 Building at Calipatria State Prison, did you search Plaintiff's cell and take Plaintiff's legal books, legal papers, and universal adapter?" ([Am.] Mot. Compel Attach. #1 Ex. D, at 108, ECF No. 130.)  In Vargas interrogatory 5, Plaintiff inquires, "When you took Plaintiff's property, on April 6, 2006, was each piece of property fully described?" (<u>Id.</u> at 109.)  In interrogatory 6, Franklin asks who reviewed the property that Vargas confiscated from the April 6, 2006 search.  (<u>Id.</u> at 110.)  Interrogatory 7 inquires about what happened to the legal books, legal papers, and adapter that Vargas took during that search.  (<u>Id.</u>)  In interrogatory 8, Franklin asks why Vargas took these items during the search.  (<u>Id.</u> at 111.)  In interrogatory 9, Franklin asks when Vargas received notice that Plaintiff filed a grievance against Defendant for taking the property on April 6, 2006.  (<u>Id.</u> at 112.)

Vargas initially objected that interrogatory 3 was vague, overbroad, and irrelevant.  (<u>Id.</u> at 108-09.)  He also objected that interrogatories 5 through 9 assume facts; lack foundation; and were vague, overbroad, and irrelevant.  (<u>Id.</u> at 109-12.)

Defendant answered interrogatory 3 by stating, "I don't remember."  (<u>Id.</u> at 109.)  For interrogatory 5, Defendant answered, "I cannot remember."  (<u>Id.</u> at 110.)  In Vargas interrogatory 6, Vargas answered, "Usually an inmate signs and dates property that has been confiscated."  (<u>Id.</u>)  In response to interrogatories 7 and 8, Defendant answered, "I do not know."  (<u>Id.</u> at 111.) Defendant

answered interrogatory 9 by stating, "I don't remember getting notice." (Id. at 112.)  Plaintiff moves to compel because Vargas did not refer to appropriate prison records in his responses. ([Am.] Mot. Compel 3, ECF No. 130.)

### i.   Assumes facts not in evidence

In his Opposition, Defendant argues that in interrogatories 5-8, Franklin assumes facts that are not true because Vargas does not remember the April 6, 2006 search taking place, and a diligent search of the records by Robert Borg indicates that no confiscation of Franklin's property took place as alleged.  (Opp'n Attach. #3 Separate Statement 5-7, ECF No. 116.)  "Assuming facts not in evidence may be the basis for an objection during trial or some other evidentiary hearing.  This however, is discovery." Garcia v. Clark, No. 1:10-cv-00447-LJO-DLB PC, 2012 WL 1232315, at *2 (E.D. Cal. Apr. 12, 2012) (citing Roesberg v. Johns-Manville Corp., 85 F.R.D. 290, 298 (D.C. Pa. 1980) ("That an interrogatory may contain an element of conclusion is not objectionable on this ground alone.")).  The objection is misplaced and, therefore, overruled.

### ii.  Relevance

In his Complaint, Franklin makes no reference to an alleged search of his cell that occurred on either April 6, 2006 or 2007. (See generally Fourth Am. Compl. 4-16, ECF No. 79.)  Defendant did not pursue a relevance objection in his Opposition to any of these interrogatories.  (See generally Opp'n Attach. #3 Separate Statement 2-16, ECF No. 116.)  Despite Defendant's failure to pursue this objection, the Court will not order discovery of irrelevant information.  See Fed. R. Civ. P. 26(b)(1).

1   Accordingly, Plaintiff's Motion to Compel further responses to

2   Vargas interrogatories 3 and 5-9 [ECF No. 130] is **DENIED.**

3           **k.   Vargas interrogatory 14**

4       In interrogatory 14, Franklin inquires, "Is that your

5   signature on inmates' envelopes issuing log sheet, on July 18, 2007

6   and July 25, 2007?" ([Am.] Mot. Compel Attach. #1 Ex. D, at 115,

7   ECF No. 130.)  Vargas objected that the question was vague,

8   overbroad, and irrelevant.  (<u>Id.</u>)  Defendant then responded by

9   stating, "I don't know.  I don't have the document to which

10  plaintiff is referring."  (<u>Id.</u> at 116.)  Franklin moves to compel

11  because Defendant did not refer to appropriate prison records in

12  his response.  ([Am.] Mot. Compel 4, ECF No. 130.)

13                  **i.   Relevance**

14      Vargas contends that in his grievance, Plaintiff did not

15  reference a delivery problem on July 25, and therefore Vargas

16  objects based on relevance and Franklin's failure to exhaust his

17  administrative remedies.  (Opp'n Attach. #3 Separate Statement 13,

18  ECF No. 116.)  Interrogatory 14 seeks information that is relevant

19  to Franklin's accusation that Vargas stole Plaintiff's envelopes

20  and may lead to the discovery of admissible evidence.  The

21  relevance objection is overruled.

22                  **ii.  Vagueness**

23      In his Opposition, Defendant notes that Franklin "was

24  initially too vague in referencing the document."  (Opp'n Attach.

25  #3 Separate Statement 13, ECF No. 116.)  As discussed above, Vargas

26  has the burden of proving that Franklin's request is vague.

27  Defendant does not articulate how the straightforward request is

28  vague.  The objection is overruled.

### iii. Sufficiency of Vargas's response

Next, Vargas maintains that he obtained an "envelopes-issuing log sheet for July 18," and he unequivocally denies that his signature is on the page. (Id.) He states that a supplemental verified response will be given. (Id.) To date, the Court has not received any supplemental verified response. To the extent Vargas seeks to deny that his signature is on the envelope-issuing log sheet, he must deny it under oath. As is, his current response is deficient. Accordingly, the Motion to Compel a further response to Vargas interrogatory 14 [ECF No. 130] is **GRANTED**.

### 1.   Warden Small interrogatory 10

Franklin asks Defendant Small, "How many complaints or grievances (verbal, written, staff, Men's Advisory Committee) did you receive ab[o]ut the cell ceiling light that never cut-off and produce[d] constant illumination?" ([Am.] Mot. Compel Attach. #1 Ex. D, at 45, ECF No. 130.) Small objected that the question was vague, overbroad, unduly burdensome, and irrelevant. (Id. at 45-46.) He also objected on privacy grounds. (Id. at 46.)

Defendant answered by stating, "I do not know." (Id.) Plaintiff moves to compel on the basis that Small did not refer to appropriate prison records in this response. ([Am.] Mot. Compel 9, ECF No. 130.)

### i.   Relevance

Defendant represents that the information sought by Franklin is irrelevant and will not help prove his claims. (Opp'n Attach. #3 Separate Statement 60, ECF No. 116.) In his Complaint, Franklin argues that in May 2008, Small issued a memorandum that prohibited covering the lights located in the individual cells of the prison.

(Fourth Am. Compl. 16, ECF No. 79.)  Plaintiff also complains that
he was written up in July of 2007 for covering an "unconstitutional
cell light." (Id. at 5.)  To prevail on his Eighth Amendment claim
against Small, Franklin must allege facts that demonstrate that he
was confined under conditions posing a risk of "objectively,
sufficiently serious" harm and that prison officials had a
"sufficiently culpable state of mind in allowing the deprivation to
take place." Wallis, 70 F.3d at 1076.  Evidence of grievances or
complaints from other Calipatria inmates may be relevant to prove
that Small was aware that the harm Franklin was suffering was
objectively serious and may bear on Plaintiff's retaliation claim.
The relevance objection is overruled.

### ii.  Overbreadth

Small also argues that the interrogatory is "overbroad in that
it is not limited as to time." (Opp'n 60, ECF No. 116.)  In this
interrogatory, Plaintiff does not refer to a specific time period.
Accordingly, to the extent Defendant is ordered to respond, his
answer should reflect those complaints and grievances after July
14, 2007. (See Fourth Am. Compl. 5, ECF No. 79).  Otherwise, the
objection is sustained.

### iii. Burdensomeness

Finally, Defendant alleges that acquiring the information
requested by Plaintiff would be "prohibitively burdensome" because
CDCR does not maintain its records in a manner that allows for
ready access to the information sought. (Opp'n 60-61, ECF No.
116.)  Small describes the process involved. (Id.)  Defendant has
not adequately shown that this process is so unduly burdensome, in

1  light of Plaintiff's need for the information.  The objection is
2  overruled.

### iv.  Sufficiency of Small's response

4      Defendant's response of "I do not know" is insufficient.
5  Accordingly, the Motion to Compel a further response to Small
6  interrogatory 10 [ECF No. 130] is **GRANTED**.

### m.  Hopper interrogatories 6 and 7

8      Franklin inquires in Hopper interrogatory 6, "Were you the
9  senior hearing officer in any of Plaintiff's disciplinary
10 hearings?"  (Mot. Compel Attach. #1 Ex. D, at 57, ECF No. 130.)
11 Interrogatory 7 asks, "On August 18, 2007, did you sit in on
12 Plaintiff's disciplinary hearing, making comments to influence
13 Plaintiff was guilty [sic] of the rule violation he received, on
14 August 11, 2007, for refusing a lawful order?"  (Id. at 58.)

15     Defendant objected that both questions were vague, irrelevant,
16 overbroad, and unduly burdensome.  (Id. at 57-58.)  He also
17 objected that the information sought by Franklin is obtainable from
18 another source that is more convenient, less burdensome, and less
19 expensive.  (Id.)

20     Hopper responded to interrogatory 6 by stating, "If I was a
21 sergeant I couldn't have been because the senior hearing officers
22 has [sic] to be lieutenant or above."  (Id. at 57.)  Defendant
23 answered interrogatory 7 by stating, "I may have been called as a
24 witness, but I don't recall."  (Id. at 58.)  Franklin moves to
25 compel on the basis that Hopper did not refer to appropriate prison
26 records in these responses.  ([Am.] Mot. Compel 6, ECF No. 130.)

27

28

### i.   Vagueness

In his Opposition to Hopper interrogatory 6, Defendant maintains that Plaintiff's interrogatory is vague and unlimited as to time.  (Opp'n Attach. #3 Separate Statement 31, ECF No. 116.) As is, interrogatory 6 is vague as to time.  To the extent Defendant is ordered to respond, he should restrict his response to those disciplinary hearings occurring after Plaintiff filed his first lawsuit against Hopper in March 2007.

As to Hopper interrogatory 7, Defendant contends that Franklin's interrogatory is "too vague."  (Id.)  Yet, Hopper does not articulate why the interrogatory is vague.  The objection is overruled.

### ii.   Waived objections

Defendant objects to interrogatory 7 on the basis that Plaintiff's interrogatory is argumentative, compound, and assumes facts.  (Id. at 31-32.)  Hopper, however, did not initially object on these grounds.  These objections were waived.

### iii. Sufficiency of Hopper's responses

Hopper argues that his response to interrogatory 6 is sufficient because he comprehensively answered Plaintiff's question by stating that Hopper could never be the senior hearing officer for one of Franklin's hearings.  (Id. at 31.)  "[A]n evasive statement to avoid answer is no answer."  Bollard v. Vokswagen of Am., Inc., 56 F.R.D 569, 574 (W.D. Mo. 1971); see Ruiz v. Hamburg-Am. Line, 478 F.2d 29, 33 (9th Cir. 1973) ("Misleading and evasive answers to interrogatories justify the court's viewing with suspicion the contentions of the party so answering."). Defendant's response in interrogatory 6 is evasive because he does

61

09cv1067 MMA(RBB)

1  not state whether he was the senior hearing officer at any of

2  Plaintiff's disciplinary hearings.

3      Defendant also asserts that his response to interrogatory 7 is

4  adequate because the interrogatory "asks Sergeant Hopper to concede

5  facts that no record could substantiate."  (Opp'n Attach. #3

6  Separate Statement 32, ECF No. 116.)  Yet, Defendant has not stated

7  under oath any steps he took to attempt to answer even a portion of

8  Franklin's question.   The response is therefore insufficient.

9  Accordingly, the Motion to Compel further responses to Hopper

10  interrogatories 6 and 7 [ECF No. 130] is **GRANTED**.

11  **D.    Requests for Admission**

12      Franklin also moves to compel further responses to his

13  requests for admission.   ([Am.] Mot. Compel 1, ECF No. 130.)

14  There, Plaintiff argues:

15          [A]n answering party may not give lack of information or
           knowledge as a reason for failure to admit or deny [a
16          request for admission] unless the party states that the
           party has made reasonable inquiry and that the
17          information known or readily obtainable by the party is
           insufficient to enable the party to admit or deny.
18

19  (Id. at 11 (citing Fed. R. Civ. P. 36(a)).)  Franklin attached a

20  copy of his requests for admission as an exhibit to his Motion to

21  Compel.  (See id. Ex. B.)

22      In their Opposition, Defendants contend that this portion of

23  Plaintiff's motion should be denied because Defendants were unable

24  to respond with a simple "admit or deny." (Opp'n 12, ECF No. 116.)

25  They assert that the requests contain Franklin's summaries and

26  interpretations of law, which are of questionable accuracy.  (Id.)

27  Further, they allege that Plaintiff's requests were nonsensical,

28  compound, and vague.  (Id.)

In the Motion to Compel, Franklin does not specify which requests for admissions he seeks to compel.  (See generally [Am.] Mot. Compel 1-9, ECF No. 130.)  Plaintiff merely attached a copy of his requests for admission to his motion.  (See id. Ex. B.)  This will not suffice.

> [A]t a minimum, as the moving party plaintiff has the burden of informing the court which discovery requests are the subject of his motion to compel, which of defendants' responses are disputed, why he believes defendants' responses are deficient, why defendants' objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of this action.

Masterson v. Campbell, No. CIV S-05-0192 JAM DAD P, 2009 WL 2824754, at *2 (E.D. Cal. Sept. 1, 2009) (citing Brooks v. Alameida, No. CIV S-03-2343 JAM EFB P, 2009 WL 331358, at *2 (E.D.Cal. Feb. 10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion."); Ellis v. Cambra, No. CIV F-02-5646 AWI SMS PC, 2008 WL 860523, at *4 (E.D.Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified.")).

Franklin did not specify what responses he seeks to compel and why.  See Masterson, 2009 WL 2824754, at *2.  "The [C]ourt will not review each of plaintiff's discovery requests and each of defendants' responses thereto in order to determine whether any of the defendants' responses are somehow deficient."  Id. (citing Williams v. Flint, No. CIV S 06-1238 FCD GGH P, 2007 WL 2274520, at *1 (E.D. Cal. Aug. 6, 2007) ("It is plaintiff's burden to describe

why a particular response is inadequate.  It is not enough to

generally argue that all responses are incomplete.")); see also Bd.

of Trs. of the Sheet Metal Workers Health Care Plan v. Vigil, No.

C08-181-JLR, 2011 U.S. Dist. LEXIS 28171, at *2 (N.D. Cal. Mar. 18,

2011) (citing Orr v. Bank of America, NT & SA, 285 F.3d 764, 775

(9th Cir. 2002)) ("[T]his Court has discretion to refuse to

consider evidence that the offering party fails to cite with

sufficient specificity.").  Franklin's Motion to Compel a further

response to his requests for admission [ECF No. 130] is **DENIED.**

**E.   Sanctions**

     In his Motion, Plaintiff briefly notes that when a party fails

to respond to a discovery request, sanctions may be imposed.

([Am.] Mot. Compel 10, ECF No. 130 (citing Fed. R. Civ. P. 37).)

     In response, Defendants argue that Franklin's reference to

sanctions is inappropriate for several reasons:

> (a) [T]here is no proper request or notice for any
> particular sanctions; (b) no showing for an award of
> sanctions has been made; (c) responding parties have
> provided good faith responses to all of the subject
> discovery; (d) the responses provided are substantially
> justified; and (e) plaintiff has not incurred any
> recoverable costs or fees in connection with this motion.

(Resp. 2, 4, ECF No. 133.)

     Federal Rule of Civil Procedure 37(a) provides that if the

Court grants a motion to compel discovery, it shall order the

nonmoving party to pay the moving party's reasonable expenses

incurred in preparing the motion unless the Court finds that the

nonmoving party's failure to provide the requested discovery

without the Court's involvement was substantially justified.  Fed.

R. Civ. P. 37(a)(5)(A).  "A request for discovery is 'substantially

justified' under Rule 37 if reasonable people could differ on the

1   matter in dispute." United States EEOC v. Caesars Entm't, Inc.,

2   237 F.R.D. 428, 435 (D. Nev. 2006) (citing Reygo Pacific Corp. v.

3   Johnston Pump Co., 680 F.2d 647, 649 (9th Cir. 1982)).

4       When a motion to compel is granted in part and denied in part,

5   the Court may "apportion the reasonable expenses for the motion."

6   Fed. R. Civ. P. 37(a)(5)(C).  Generally, a pro per party who acts

7   for himself is not entitled to attorney's fees.  See Bone v.

8   Hibernia Bank, 354 F. Supp. 310, 311 (D.C. Cal. 1973).

9       Here, Franklin does not specifically request sanctions; he

10  merely references that sanctions may be awarded in some situations.

11  Additionally, he does not ask for a sanction amount, a nonmonetary

12  sanction, or articulate what expenses he incurred in bringing the

13  Motion.  Moreover, Plaintiff is a pro se litigant, thus he incurred

14  no attorney's fees.  Accordingly, to the extent Franklin requests

15  sanctions, this request is denied.

16              **IV.  CONCLUSION**

17      For the reasons described above, Plaintiff's Amended Motion to

18  Compel is **GRANTED** in part and **DENIED** in part.

19      IT IS HEREBY ORDERED:

20      1.   Franklin's Motion to Compel further responses to Vargas

21           interrogatories 10-15 is **GRANTED**.

22      2.   Franklin's Motion to Compel further responses to Vargas

23           interrogatories 3-9 and 16-17 is **DENIED.**

24      3.   Franklin's Motion to Compel further responses to Hopper

25           interrogatories 3-7 is **GRANTED**.

26      4.   Franklin's Motion to Compel further responses to Trujillo

27           interrogatories 1-4 and 7-12 is **GRANTED**.

28

5.   Franklin's Motion to Compel further responses to Trujillo
     interrogatories 5 and 6 is **DENIED.**

6.   Franklin's Motion to Compel further responses to Davis
     interrogatories 5 and 14 is **GRANTED**; and as to
     interrogatories 8-9 and 12-13, the Motion is **GRANTED** in
     part.

7.   Franklin's Motion to Compel further responses to Davis
     interrogatories 1, 2, and 11 is **DENIED.**

8.   Franklin's Motion to Compel further responses to Madden
     interrogatories 5, 8, and 10 is **GRANTED**; and as to
     interrogatories 13, 16, and 17, the Motion is **GRANTED** in
     part.

9.   Franklin's Motion to Compel further responses to Madden
     interrogatories 4 and 6 is **DENIED.**

10.  Franklin's Motion to Compel further responses to Small
     interrogatories 7 and 10 is **GRANTED.**

11.  Franklin's Motion to Compel further responses to Small
     interrogatories 4, 5, and 13 is **DENIED.**

12.  Franklin's Motion to Compel responses to Requests for
     Admission is **DENIED.**

13.  To the extent Franklin requests sanctions, that request
     is **DENIED.**

Supplemental responses are to be provided by Defendants on or
before November 9, 2012.

09cv1067 MMA(RBB)

1    The Clerk of the Court is directed to terminate Plaintiff's

2    Motion to Compel [ECF No. 102] because it has been superseded by

3    Plaintiff's Amended Motion [ECF No. 130].

4

5    DATED:   October 18, 2012

6                                        Ruben B. Brooks, Magistrate Judge
                                         United States District Court

7    cc:
     Judge Anello
8    All Parties of Record